JOHNSON, Appellant, v. BRUFLAT, Sheriff, Respondent.

(186 N. W. 877.)

(File No. 4856.   Opinion filed February 16, 1922.)

1.  Judgments—Service By Publication—Affidavit of Publication, Publisher's Testimony Re Defendant's Name, Admissibility of Newspaper—Collateral Attack, Effect Re Evidence—Rule Re Attack of Void Judgment.

    In a suit against a sheriff for damages in the value of property seized by him upon attachment in the suit, execution having thereafter been placed in his hands, and who turned the property over to defendant's wife, on the ground that the judgment was void because of invalid service by publication; held, the publisher's affidavit of publication showing correct notice, and the publisher himself having testified that in 3 of the 7 issues of the newspaper the name of defendant was misstated,—the newspapers were properly received in evidence. So held, against the contention that they were inadmissible because defendant's attack on the judgment was collateral, such contention being untenable; since it is a fundamental rule that a judgment the court has no jurisdiction to pronounce is void and has no effect either by way of evidence or estoppel, and does not constitute due process, no rights being affected by it and none derivable therefrom, hence may be attacked in any proceeding direct or collateral in which a person seeks to assert a right under such pretended adjudication.

2.  Same—Newspaper, Or Affidavit, Which Speaks Truth—Non-submission of Question to Jury, Reason For.

    Trial court, in refusing to submit to jury the question whether the newspapers or the affidavit of publication spoke the truth, committed no error; the affidavit being under Sec. 2721 Code 1919, prima facie evidence of the publication and the facts stated therein, while the publisher here testifies in effect to falsity of affidavit.

3.  Service—Summons Left With Defendant's Wife at Her Dwelling House, Residents Only So Servable—Statute.

    Under Sec. 2337, Code 1919, substituted service of summons by leaving copy with defendant's wife can be effective only when such dwelling house is that also of defendant; if he has become non-resident, service must be by publication; the place where such substituted service may be made must be the present and intended future home of occupants, before service on husband can be made by leaving copy with wife.

4.  Judgments—Service—Residence of Family, Whether Presumptive Residence of Husband—Presumption, How Overcome.

    No rule is known which fixes absolutely a man's residence at place of residence of his wife and family; and while a presump-

tion may arise to that effect, it may be overcome by evidence showing the fact to be otherwise. His residence is not necessarily where his wife resides, or where he does not in fact reside; each may have different places of residence, while one or both might not have such actual and particular place of residence as authorizes service of summons upon him or her at such place, without actual delivery of copy to party intended to be served. Moreover (following Massellon Eng. & Thresher Co. v. Hubbard, 11 S. D. 325) a statute authorizing substituted service must be strictly followed. Under this rule, a judgment rendered showing that substituted service was not attempted until after order for publication of summons, the affidavit by plaintiff's attorney as basis of such order showing in effect upon information and belief that defendant was non-resident, had left the state, his present whereabouts unknown to plaintiff or to members of defendant's family, while sheriff's return, referred to in the affidavit, showed the officers believed that defendant had departed from state and does not reside therein, while the attorney's affidavit further showed inquiry of various parties all of whom informed him that defendant had left his family and departed from the state with intent not to return; while the return of another deputy sheriff (being that on which claim of substituted service is based) shows service by delivering and leaving with defendant's wife at place of residence "of the said" defendant;—presents a case of a plaintiff proceeding under Subd. 3, Sec. 2338, where defendant "is not a resident of this state," and not under Subd. 2, where defendant, "being a resident of the state," has departed therefrom. Therefore, trial court failed to acquire jurisdiction through substituted service, the showing being that of a non-resident defendant who had abandoned his family; under neither of which circumstances could jurisdiction of defendant be acquired through substituted service, and no judgment should have been entered in the action.

5. **Judgments—Judgment Entered Without Jurisdiction, Suit Against Sheriff for Conversion of Attached Property—Non-residence of Defendant, Proof of Dehors Previous Judgment Roll—Non-void Judgment—Jurisdiction Based on Service, Not on Return—Extraneous Evidence, Effect in Subsequent Suit for Conversion by Sheriff.**

Where, notwithstanding a judgment as shown by judgment roll, was without jurisdiction over defendant, yet, in a suit by plaintiff therein against sheriff for conversion of property seized on attachment in the orignial suit, defendant offered evidence dehors the record to prove non-residence of the original defendant and the fact that he had abandoned his residence and family, instead of relying upon facts disclosed by

judgment roll in the original action, such judgment not being void on its face; **held**, (following Maren v. Titus, 23 S. D. 553) that court acquires jurisdiction if at all through purported service of summons, not through the return thereof, and while if return was insufficient, court should not have entered judgment, and while judgment entered on such return should have been vacated on motion, unless showing was made that proper service was in fact made, yet if court is satisfied from showing made that in fact summons was served, pursuant to statute, then such motion should be denied even if original return was defective; under which rule the present respondent sheriff would have been entitled, upon such judgment roll, to a ruling that the judgment was void, yet if extraneous evidence showed original defendant was a resident and his wife's dwelling house was his own, validity of judgment would have been established; and he having adduced further evidence conclusively establishing truthfulness of affidavit of publication in original suit, trial court erred in not holding that the pretended substituted service did not confer jurisdiction, and should have directed verdict for respondent sheriff.

Appeal from Circuit Court, Hamlin County. Hon. JOSEPH H. BOTTUM, Judge.

Action by Odin Johnson, against Ben Bruflat, Sheriff of Hamlin County, South Dakota, for damages for conversion of property under attachment and execution. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Eugene P. Campbell,* for Appellant.

*Linstrom & Benthin,* for Respondent.

(1)   To point one of the opinion, Respondent cited, re collateral attack: 23 Cyc. p. 1068, 1237; 15 R. C. L. 841; Morse v. Pickler (S. D.) 134 N. W. 809.

(4)   To point four, Appellant cited: Abbott's Tr. Ev. (3rd Ed.) 324; Tipton v. Tipton, 87 Ky. 245, 8 S. W. 440; Farrow v. Farrow, 143 N. W. 856; Culhane Adjustment Co. v. Farrand, (S. D.) 147 N. W. 271.

Respondent cited, re strict statutory construction: 32 Cyc. 483, 516; 21 R. C. L. 1318.

WHITING, J.   Plaintiff, having procured a default judgment against one Peterson, sought to enforce same out of certain personal property that had been levied upon under attachment

issued in said action. An execution was issued to the sheriff, who held the property under the writ of attachment. The sheriff thereafter released the property to Peterson's wife; and plaintiff brought this action seeking damages because of such release. Verdict and judgment were for defendant, and plaintiff has appealed. There are numerous assignments of error. One of respondent's defenses was that the judgment was void. We deem it unnecessary to consider any of such assignments except those questioning the right of respondent to attack the validity of the Peterson judgment, and those presenting the question of the validity of such judgment.

The entire judgment roll in the Peterson case was introduced in evidence by appellant. It disclosed that appellant had sought to procure two kinds of service of summons therein, and, moreover, that the court had in such action held that there had been both kinds of service effected—substituted service by leaving a copy of the summons with the wife at the dwelling house where she lived, and constructive service by publication and mailing.

[1] Respondent did not question but that the judgment roll evidenced a proper issuance of order for publication of summons and proper service of such summons under the order. He did, however, offer in evidence copies of three issues of the newspaper in which the summons was published. These papers were received in evidence with the testimony of the publisher that they were "correct issues of said paper under dates of October 27, November 3, and November 10, 1916." These copies showed that upon the first three of the seven dates on which the summons was published the name of the defendant, as therein recited, was "Johnson," and not "Peterson." The trial court held that the attempted service by publication was a nullity. Appellant contends that the copies of the newspaper were improperly admitted because it was a collateral attack on the judgment, and also contends that the trial court should have left to the jury the question as to whether the printer's affidavit, showing a proper publication, was true, or the testimony of the publisher, showing insufficient publication, was true. That the respondent had a right to attack the validity of such judgment collaterally is well established. As stated in 15 R. C. L. 841-843:

"It is a fundamental rule that a judgment or decree which

the court has no jurisdiction to pronounce is void. It is, in legal effect, no judgment, and has no force either by way of evidence or estoppel, but leaves the parties litigant in the same position they were in before the trial. Unless jurisdiction exist, the judgment is not due process of law, and is ineffectual for any purpose. No rights are in any way affected by it, and from it no rights can be derived, and all proceedings founded thereon are invalid. A decision of a court not having jurisdiction, being thus ipso facto void, may be attacked in any proceeding, direct or collateral, in which a person seeks to assert a right under such pretended adjudication. It may be attacked at any time when it is sought to be enforced, or in any suit in which its validity is drawn in question. It has been said by the Supreme Court of the United States that the tendency of modern decisions everywhere is to the doctrine that the jurisdiction of a court or other tribunal to render a judgment affecting individual rights is always open to inquiry, when the judgment is relied on in any other proceeding."

The newspapers were therefore properly received in evidence.

[2] We think the court committed no error in not submitting to the jury an issue of fact as to which, the newspapers or the affidavit of publication, spoke the truth. No reasonable minds could well differ on this point. The affidavit is, under the statute (section 2721, R. C. 1919), "prima facie evidence of such publication and of the facts stated therein." Here the very party upon whose affidavit appellant procured his judgment against Peterson comes into court and swears, in effect, that such affidavit was false, and corroborates such statement by the very issues of the papers in which three publications were made.

[3] Did the court acquire jurisdiction of Peterson by the leaving of a copy of the summons with Peterson's wife at her dwelling house? Service at defendant's "dwelling house" within this state is "personal service." Section 2337, R. C. 1919. It seems very clear that such service can only be made upon one who is, at the time of service, a resident of this state; "if the defendant has become a nonresident, service cannot be made" (Sturgis v. Fay, 16 Ind. 429, 79 Am. Dec. 440) ; and that it must be made at the dwelling house of the defendant. In many of the statutes "residence" or "usual or last place of residence" are used in place of "dwelling house," as in our statute. What is held under

statutes using term "residence" is applicable under our statute which uses term "dwelling house." The place where substituted service may be made must, as said in Phelps v. McCollam, 10 N. D. 536, 88 N. W. 292, "Be the present, and intended to be the future, home of the occupants, before service on the husband can be made by leaving copies with the wife."

In Schlawig v. De Peyster, 83 Iowa, 323, 49 N. W. 843, 13 L. R. A. 785, 32 Am. St. Rep. 308, it is said:

"We know of no rule which fixes absolutely a man's residence at the place of residence of his wife and family. 'A presumption may arise that his residence is with his family, but that presumption may be overcome by evidence showing the fact to be otherwise."

In Armsbaugh v. Exchange Bk., 33 Kan. 100, 5 Pac. 384, the court said:

"The husband's residence is where he himself resides, and not necessarily where his wife resides, or where he does not in fact reside. * * * A husband and wife may in fact have different places of residence, or one or both might in fact not have any such actual and particular place of residence as would authorize the service of a summons upon him or her at such place of residence, without any actual delivery of the summons, or a copy thereof, to the party intended to be served; and * * * a person may and often does lose one place of residence before he actually procures another."

This court has said, in Massillon Eng. & Thresher Co. v. Hubbard, 11 S. D. 325, 77 N. W. 588:

"The law is well settled that a statute authorizing substituted service must be strictly followed."

[4] Guided by the above holdings, let us examine the judgment roll in the Peterson case and determine whether, on the face of such roll, it appears that jurisdiction was acquired over Peterson through the attempted substituted service. The substituted service was not attempted until after the plaintiff had applied for and obtained an order for the publication of summons. The affidavit upon which this order was issued, made by the attorney for the plaintiff and dated October 25, 1916, set forth:

"That affiant has been informed by the plaintiff herein, and believes, that the above-named defendant, Peter C. Peterson, is a

nonresident of the state of South Dakota, * * * and that he left the state of South Dakota on or about the 25th day of September, A. D. 1916, and that his present whereabouts is unknown to plaintiff herein, or to the members of the family of said defendant; * * * that as shown by the affidavit and return of * * * deputy sheriff * * * attached to the summons herein, hereby referred to, and by such reference made a part of this affidavit, * * * he believes that the said Peter C. Peterson has departed from the state of South Dakota and does not reside therein, that affiant has made inquiry of various parties, including the plaintiff herein, one [here naming numerous parties], and has been informed by each and all of said persons that the said Peter C. Peterson has left his family and has departed from the * * * state of South Dakota, with intent not to return to said state."

The return of the deputy sheriff, referred to in the foregoing affidavit, was in the form of an affidavit, and, among other things, recited:

"That affiant was informed by Mrs. Peter C. Peterson, wife of the said Peterson, that the said Peterson had abandoned his said wife and family. * * *"

The return of another deputy sheriff, being the return on which the claim of substituted service is based, sets forth that he served such summons on October 28, 1916, "by delivering and leaving with Mrs. Peter C. Peterson, at the place of residence of the said Peter C. Peterson, prior to the 28th day of September, 1916. * * *" The affidavit of default made by plaintiff's attorney adds nothing to the above affidavit and returns. It is perfectly clear that, in presenting this affidavit, plaintiff was proceeding under subdivison 3, and not subdivision 2, of section 2338, R. C. 1919. Subdivision 3 provides for publication where defendant "is not a resident of this state;" subdivision 2, where defendant, "being a resident of this state, has departed therefrom. * * *" Such was the record before the trial court and the statutory law when such court rendered the judgment in the Peterson case. That the court failed to get jurisdiction through the substituted service under all the facts as they appear on the face of the judgment roll is clear; the entire showing being to the effect that Peterson was, at the time of such service, a nonresident of the state, and that he had abandoned his family. Under neither

of these circumstances could jurisdiction of defendant be acquired through such substituted service; and no judgment should have been entered in such action.

[5]  But the judgment was entered; and respondent in this action, instead of relying upon the facts as disclosed by the judgment roll in the other action, offered evidence dehors the record to prove the nonresidence of Peterson and the fact that he had abandoned his family at the time of the pretended substituted service. The judgment was not void on its face. This court said, in Marin v. Titus, 23 S. D. 553, 122 N. W. 596, in a case where motion had been made to vacate a judgment when record showed a defective return:

"The trial court acquired jurisdiction, if at all, through the proper service of the summons, and not through the return thereof; and while it is true that if the return was insufficient the court should not have entered judgment, and while it is true that in case judgment was erroneously entered upon the defective return the court upon motion should have vacated the judgment unless a showing was made that proper service was in fact made, yet, if upon such motion the court is satisfied from the showing made that as a matter of fact the summons was served as required by statute, then and in that case the motion should be denied even if the original return was defective."

So in this case, while respondent would have been entitled, upon the judgment roll, to a ruling that the judgment was void so far as it rested upon substituted service, yet, if either party put in evidence that showed that, as a matter of fact, Peterson was a resident of this state and the dwelling house of his wife was his dwelling house at the time of the pretended substituted service, the validity of the judgment would have been established. Respondent put in further evidence, and evidence which established beyond question the truthfulness of the statements above quoted from the affidavit filed in support of the order for constructive service of the summons. This evidence being undisputed, the trial court should have held, as a matter of law, just as it did in relation to the pretended constructive service, that the pretended substituted service did not confer jurisdiction in the Peterson case, and should therefore have directed verdict for respondent,

as appellant could claim no rights whatsoever based on the Peterson judgment.

The judgment and order appealed from are affirmed.