KROMER, Respondent v. SULLIVAN, Appellant

(225 N.W. 2d 591)

(File No. 11429. Opinion filed February 6, 1975)

Roland E. Grosshans and Virgil Hauff, Hot Springs, for plaintiff and respondent.

Terry L. Pechota and Arthur Bunce, Mission, for defendant and appellant.

DUNN, Chief Justice.

This is an appeal from an order of the District County Court of Fall River County, dated January 11, 1974, denying defendant's motion to vacate a default judgment which was filed on August 8, 1973. We reverse.

This action was commenced on April 23, 1973, by service of a summons and complaint on the defendant within the exterior boundaries of the Pine Ridge Indian Reservation. Defendant is an enrolled member of the Oglala Sioux Tribe. No answer was made to the complaint and a default judgment was taken on August 7, and filed on August 8, 1973. On August 23, 1973, defendant filed a motion to vacate the judgment on the jurisdictional grounds that state process served on an enrolled member of the Oglala Sioux Tribe while the Indian is located within the exterior boundaries of the Pine Ridge Indian Reservation was deficient and any judgment rendered thereby was void. The District

County Court after hearing denied defendant's motion on the grounds that (1) it was not made within a reasonable time as required by SDCL 15-6-60(b), (2) jurisdiction did not appear defective as a matter of record and did not appear so until after entry of judgment and execution, and (3) the judgment was not subject to collateral attack.

■ In passing on the motion to vacate on the grounds of a void judgment the trial court must of necessity pass on the validity of the service and the judgment. Here, the motion was made on jurisdictional grounds and the court must meet this issue in passing on the motion. If the judgment was void on jurisdictional grounds it must be set aside. A valid judgment cannot be rendered against a party without due and legal service of process upon him. It is not within the discretion of the court to decide whether a void judgment should be vacated. As stated in Lange v. Johnson, 1973, 295 Minn. 320, 204 N.W.2d 205, construing a substantially identical statute:

> "In setting aside a void judgment under Rule 60.02(4), the court engages in a process totally different from that involved in the other Rule 60.02 causes. No question of discretion is involved. Difficult decisions on questions of law often must be made to determine whether or not a judgment is void or voidable. If a judgment is void, it must be set aside. It has no force and effect. A void judgment is one where the court lacks jurisdiction over the subject matter or over the parties. There is no time limit set forth in Rule 60.02 for commencing proceedings to set aside a void judgment." 204 N.W.2d at 208.

This court held in the early case of Johnson v. Bruflat, 1922, 45 S.D. 200, 186 N.W. 877, that there was no time limit on attacking a void judgment:

> " 'It is a fundamental rule that a judgment or decree which the court has no jurisdiction to pronounce is void. It is, in legal effect, no judgment, and has no force either by way of evidence or estoppel, but leaves the parties litigant in the same position they were in be-

fore the trial. *Unless jurisdiction exist, the judgment is not due process of law, and is ineffectual for any purpose.* No rights are in any way affected by it, and from it no rights can be derived, and all proceedings founded thereon are invalid. A decision of a court not having jurisdiction, being thus ipso facto void, may *be attacked in any proceeding, direct or collateral,* in which a person seeks to assert a right under such pretended adjudication. *It may be attacked at any time* when it is sought to be enforced, or in any suit in which its validity is drawn in question.' " (emphasis supplied) 45 S.D. at 203-204, 186 N.W. at 878.

■ We would now hold that a motion to vacate a void judgment would not be restricted by the reasonable time provisions of SDCL 15-6-60(b).

■ We further hold that the trial court must determine whether the judgment was void in passing on the motion to vacate, and if the court finds the judgment is void on jurisdictional grounds it must be set aside. The question of the return of money realized on the execution of a judgment found to be void can only be considered by the trial court after the initial determination of validity.

Reversed and remanded for further proceedings in accordance with the opinion.

WINANS, WOLLMAN and COLER, JJ., concur.

DOYLE, J., concurs specially.

DOYLE, Justice (concurring specially).

I concur with the majority opinion holding that this action should be remanded to the trial court, and I agree with the general statement that a void judgment is subject to attack at any time.

Upon the record it is a fair assumption that the transaction, which is the basis of this action, took place in Fall River County, South Dakota, which is not a part of any Indian reservation and

would not be considered "Indian country." In my judgment this action is within the purview of SDCL 15-7. I find nothing in either Williams v. Lee, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251, or Smith v. Temple, 82 S.D. 650, 152 N.W.2d 547, that would foreclose the courts of this state from assuming jurisdiction in this action.