Gordon Everett BLUME and Thordys Kay Blume, Plaintiffs/Appellees,

v.

UNITED STATES of America Acting Through the FARMERS HOME ADMINISTRATION, United States Department of Agriculture; the Federal Land Bank of Omaha, A Corporation; Robert Schoepp d/b/a Town and Country Oil Company; Dakota Best, Inc., Formerly Dakota Hatchery & Mill, Defendants/Appellants.

No. Civ. 83–1069.
Bankruptcy No. 183–00075.
Adv. No. 183–0111.

United States District Court,
D. South Dakota, N.D.

June 29, 1984.

Ray P. Murley, Asst. U.S. Atty., Sioux Falls, S.D., for appellant Farmers Home Admin.

Peter J. Horner, Sioux Falls, S.D., for appellant Federal Land Bank.

David L. Ganje, Aberdeen, S.D., for appellees Gordon Everett Blume and Thordys Kay Blume.

## MEMORANDUM OPINION

DONALD J. PORTER, District Judge.

Dear Counsel:

Appellants Farmers Home Administration (FmHA) and the Federal Land Bank of Omaha appeal from the judgment of the United States Bankruptcy Court for the District of South Dakota, vacating a real estate mortgage foreclosure judgment entered in Spink County, South Dakota, Circuit Court against appellee debtors, adjudging foreclosure and sale of realty mortgaged to the Federal Land Bank by debtors. In a Memorandum Opinion dated February 16, 1984, this Court held the appeal is a "related proceeding." Emergency Rule (d)(3)(A). Accordingly, pursuant to the authority granted by Emergency Rule (e)(2)(B), an evidentiary hearing, for the purpose of conducting a de novo review of the bankruptcy court proceeding and judgment, was held by this Court March 14, 1983. Upon the evidence taken and upon the record on appeal, the order of the Bankruptcy Court, vacating and setting aside the Spink County Circuit Court's real estate mortgage foreclosure judgment, is affirmed.

The Blumes (debtor-appellees) executed a mortgage to the Federal Land Bank on February 18, 1976, on real property described as follows in the mortgage:

The Southwest Quarter of Section One (SW¼ of 1) Township One Hundred Fifteen North (115N), Range Sixty-four (64), West of the Fifth P.M.; and the Southeast Quarter of Section Nine (SE¼ of 9) and the Southwest Quarter of Section Seventeen (SW¼ of 17), all in Township One Fifteen North (115N), Range Sixty-three (63), West of the Fifth P.M., all in Spink County, South Dakota.[1]

On October 22, 1981, the Federal Land Bank commenced a mortgage foreclosure action against the Blumes as to the above described real property. On March 16, 1982, the Spink County Circuit Court entered a default judgment foreclosing the mortgage. After the property was sold at a sheriff's sale, the FmHA, as a junior lienholder, redeemed the property on April 15, 1983.

On July 1, 1983, the Blumes filed a Chapter 11 reorganization bankruptcy. On July 13, the Blumes filed a complaint with the Bankruptcy Court, contending, among other things, that the Spink County Circuit Court mortgage foreclosure was void because of insufficiency of service of process. Based on the September 14, 1983, trial testimony, the Bankruptcy Court found that no valid substituted service of summons and complaint under S.D.C.L. § 15–6–4(e) was made on Thordys Blume (wife appellee). On October 14, 1983, the Bankruptcy Court entered a judgment setting aside the foreclosure.

At the March 14, 1984, evidentiary hearing held before this Court, both Gordon Blume and Thordys Blume testified that Thordys did not receive personal or substituted service of the summons or complaint in the foreclosure action. Exhibit one, the Spink County Circuit Court original file, including the Sheriff's Return, indicates Thordys Blume was served with a summons and complaint by leaving a copy at her dwelling house in the presence of Gordon Blume, her husband, a member of her family over the age of fourteen years. Gary Newman, the Spink County Sheriff, testified that the return of service was incorrect. Newman stated that he personally served Gordon Blume at the Sheriff's office with a summons and complaint, and at that time gave Gordon Blume a copy of the summons and complaint for Thordys Blume.

---

**1.** The mortgage was recorded March 11, 1976, in Book 188 at page 453 of the Mortgage

Records of Spink County, South Dakota.

In its de novo review this Court must determine whether the Bankruptcy Court had jurisdiction to consider the Blumes' complaint, whether Thordys Blume was served with process and whether the Spink County Circuit Court judgment is void.

 Appellants FmHA and Federal Land Bank contend that under the doctrine of res judicata the Bankruptcy Court lacked subject matter jurisdiction to set aside a judgment previously entered by a state court in a foreclosure proceeding. Eighth Circuit authority suggests that bankruptcy courts do have jurisdiction to set aside a judgment rendered by another court which lacked jurisdiction to enter the judgment.

> As a general rule, in allowing and disallowing claims of creditors, bankruptcy courts are required to give res judicata effect to prior judgments of non-bankruptcy courts. Thus matters previously adjudicated between the same parties by a court of competent jurisdiction may not be relitigated in the bankruptcy court. It is, however, well established that bankruptcy courts are courts of equity with broad powers to disallow or subordinate claims when equitable considerations warrant. Hence, a claim which has been reduced to judgment may nevertheless be challenged in the bankruptcy court on the ground that the rendering court lacked jurisdiction, or because the judgment was procured by fraud or collusion.

*Kapp v. Naturelle, Inc.,* 611 F.2d 703, 708 (8th Cir.1979) (citations omitted). The Bankruptcy Court did have equitable jurisdiction to entertain the Blumes' complaint alleging the Circuit Court judgment was void because of insufficiency of service of process.

 Appellants FmHA and Federal Land Bank further contend that the Bankruptcy Court erred in holding that the Sheriff did not properly serve Thordys Blume with summons and complaint in accordance with the substituted service provisions set out in S.D.C.L. § 15–6–4(e). S.D. C.L. § 15–6–4(e) allows for substituted personal service by leaving a copy of the summons and complaint at the dwelling house of the defendant in the presence of a member of the defendant's family over fourteen years. A statute authorizing substitute service must be strictly followed. *Johnson v. Bruflat,* 45 S.D. 200, 205, 186 N.W. 877, 879 (1922). The Sheriff's return indicates S.D.C.L. § 15–6–4(e) was followed. Although a sheriff's return is presumed to be valid, the presumption can be overcome by strong and convincing evidence. *Hicklin v. Edwards,* 226 F.2d 410, 414 (8th Cir. 1955). Sheriff Gary Newman's testimony that he did not serve a summons and complaint personally or by valid substitute personal service on Thordys Blume is strong and convincing evidence sufficient to overcome the presumption. This Court finds that Thordys Blume was not served with summons and complaint in the Circuit Court foreclosure action.

 Absent due and legal service of process upon a defendant, a court cannot render a valid judgment. *Kromer v. Sullivan,* 88 S.D. 567, 569, 225 N.W.2d 591, 592 (1975). When a court lacks subject matter jurisdiction its judgment is void. *Id.* A void judgment may be attacked in any direct or collateral proceeding where a person seeks to assert a right arising from the judgment, and at any time when the judgment is sought to be enforced or its validity is questioned. *Johnson v. Bruflat, supra,* 45 S.D. at 204, 186 N.W. at 878. Because the Spink County Circuit Court lacked jurisdiction over Thordys Blume, its mortgage foreclosure judgment is void as to Thordys Blume.

 Since Gordon Blume and Thordys Blume are joint tenants, the mortgage foreclosure judgment also would be void as to Gordon Blume. In *Morris v. Owens,* 292 Ala. 159, 290 So.2d 646 (1974) the Alabama Supreme Court held that a wife who is a joint tenant is an indispensable party in an action brought by her husband to settle a boundary dispute and her absence as a party renders the judgment of the court void. Failure to obtain jurisdiction over Thordys Blume, a necessary and indispensable party, renders the Spink County Cir-

cuit Court judgment void as to Gordon Blume, (husband-appellee). Because the Circuit Court judgment is void, the Bankruptcy Court properly set aside the mortgage foreclosure.

Other alleged defects in the Circuit Court action were found by the Bankruptcy Court, but such issues are now moot. For the reasons given, this Court affirms the judgment of the Bankruptcy Court setting aside the Spink County Circuit Court mortgage foreclosure judgment.