**In the Matter of the GUARDIANSHIP OF Alice M. SASSE.**

**Nos. 14149, 14176 and 14547.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 25, 1984.

Decided Feb. 20, 1985.

Ronald Clabaugh of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for appellant Lynn E. Sasse (in No. 14149).

Wm. Jason Groves, Rapid City, for appellants Stanley G. Sasse (in No. 14176) and Carl W. Sasse (in No. 14547).

WOLLMAN, Justice.

These are consolidated appeals. #14149 and #14176 are an appeal and a notice of review from a judgment entered against Lynn E. Sasse for losses suffered by the guardianship while he was guardian of the person and estate of Alice M. Sasse. #14547 is an appeal from the judgment vacating the judgment entered in #14149 and #14176. We affirm appeal #14547 and dismiss #14149 and #14176.

At all times material herein, Alice M. Sasse, an enrolled member of the Oglala Sioux Tribe, owned a ranch in Shannon County, South Dakota, consisting of approximately 7,600 acres of Indian trust land. On August 14, 1976, Alice M. Sasse filed a petition with the circuit court asking that her son, Lynn E. Sasse, be appointed as the guardian of her person and estate. An order so appointing Lynn E. Sasse was entered on September 13, 1976. Letters of guardianship were issued that day and on September 15, 1976, Lynn E. Sasse executed his oath as guardian.

Nothing was filed in the guardianship until May of 1980, when Lynn E. Sasse filed a petition requesting authority to use income from the guardianship property as security for a personal loan. Thereafter, Lynn E. Sasse filed several inventories with respect to the personal property belonging to the guardianship estate. On December 7, 1981, pursuant to an application submitted by Carl W. Sasse and Stanley G. Sasse, two of Alice M. Sasse's six children, an order to show cause was entered requiring, among other things, Lynn E. Sasse to show cause why his letters of guardianship should not be revoked. Following a hearing on December 10, 1981, an order was entered on December 16, 1981, revoking Lynn E. Sasse's letters of guardianship. On February 9, 1982, Stanley G. Sasse and one Ralph W. Barkley were appointed as successor joint guardians. Ralph W. Barkley resigned as guardian effective June 25, 1982. Thereafter, proceedings were had on Stanley G. Sasse's request that Lynn E. Sasse be surcharged for his alleged deficiencies during the time he acted as guardian. These proceedings ultimately resulted in the entry of judgment against Lynn E. Sasse on January 31,

1983, in the amount of $77,074.95. It is that judgment from which Lynn E. Sasse appealed in # 14149.

After the appeal was taken to this court from that judgment, Lynn E. Sasse filed a petition asking that the trial court vacate the judgment pursuant to SDCL 15-6-60(b)(4) on the ground that the trial court had no jurisdiction over the subject matter of the underlying action. Following our remand of the appeal, *see Menno State Bank v. City of Menno,* 297 N.W.2d 460 (S.D.1980), the trial court granted the petition for relief from judgment and the motion to dismiss for lack of jurisdiction and dismissed the action. It is from this order that the appeal was taken in # 14547.

Alice M. Sasse was an enrolled member of the Oglala Sioux Tribe. As indicated above, she owned some 7,600 acres of Indian trust land located in Shannon County, South Dakota, which is within the borders of the Pine Ridge Indian Reservation. She also owned some cattle. It was Lynn E. Sasse's alleged failure to make a full and complete accounting of these cattle, as well as of the proceeds of certain lease payments and government farm program payments, that gave rise to the request that he be surcharged.

Alice M. Sasse died on February 24, 1983. On March 3, 1983, Stanley G. Sasse was appointed by the circuit court as special administrator of Alice M. Sasse's estate. On August 6, 1983, Carl W. Sasse filed a petition for letters testamentary with the Oglala Sioux Tribal Court. On October 28, 1983, he received letters of administration with will annexed from the Oglala Sioux Tribal Court. Probate proceedings are being conducted in that court, and it is in his capacity as administrator of the Estate of Alice M. Sasse, deceased, that Carl W. Sasse has appealed in # 14547.

Simply put, the question before us is whether the circuit court was without jurisdiction to appoint a guardian of the person and estate of Alice M. Sasse and to thereafter supervise the guardianship. For the reasons stated below, we conclude that the trial court lacked such jurisdiction.

In *O'Connell v. Hamm,* 267 N.W.2d 839 (S.D.1978), we held that our state courts have no subject matter jurisdiction to hear and determine a civil action between enrolled members of an Indian tribe for the creation of a constructive trust, the corpus of which would consist of Indian trust lands. We based our decision upon our earlier holdings in *Smith v. Temple,* 82 S.D. 650, 152 N.W.2d 547 (1967), and *Kain v. Wilson,* 83 S.D. 482, 161 N.W.2d 704 (1968), as well as upon the seminal case of *Williams v. Lee,* 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959).

■ We conclude that the same considerations that led to our decision in *O'Connell v. Hamm* are controlling here. As we pointed out in *O'Connell,* the jurisdictional test set forth by the United States Supreme Court in *Williams v. Lee* is whether the state court action infringes on the right of reservation Indians to make their own laws and be ruled by them. In utilizing this test and in reaching the conclusion that our state courts lacked subject matter jurisdiction, we applied the criteria set forth by the Supreme Court of New Mexico:

> In considering this test it is helpful to summarize certain criteria to determine whether or not the application of state law would infringe upon the self-government of the Indians. These are the following: (1) whether the parties are Indians or non-Indians, (2) whether the cause of action arose within the Indian reservation, and (3) what is the nature of the interest to be protected.

*O'Connell, supra,* 267 N.W.2d at 841 (quoting *Chino v. Chino,* 90 N.M. 203, 206, 561 P.2d 476, 479 (1977)).

■ In the case before us, the parties are Indians. The cause of action seeking to surcharge Lynn E. Sasse for his alleged defalcations as guardian of his mother's estate arose within the Pine Ridge Indian Reservation and was largely based upon his actions in allegedly improperly accounting for the cattle owned by the guardianship estate and pastured on the Indian trust land. The nature of the interest to be

protected, i.e., the relationship between Indian and Indian, implicates the right of reservation Indians to make their own laws and to be ruled by them. The application of state law would perforce interfere with this right of reservation self-government. In short, "to allow the exercise of state jurisdiction here would undermine the authority of the tribal courts over Reservation affairs and hence would infringe on the right of the Indians to govern themselves." *Williams v. Lee, supra,* 358 U.S. at 223, 79 S.Ct. at 272, 3 L.Ed.2d at 255.

Granted, this case involves a cause of action broader in scope than that involved in *O'Connell, supra,* in that it is not strictly limited to matters involving title to Indian trust land. *Cf. Lonewolf v. Lonewolf,* 99 N.M. 300, 657 P.2d 627 (1982). We are not disposed to make fine jurisdictional calculations based upon that distinction, however, inasmuch as the Oglala Sioux Indian Tribe has a well-established tribal court that has jurisdiction over all matters that were presented to the circuit court in this instance. It would be presumptuous on our part to say that the parties to this action could not have effectively litigated their claims within the tribal court. Indeed, we have recently been advised by counsel for the parties that a hearing will be held in the Oglala Sioux Tribal Court on January 28, 1985, on the Estate's claim that Lynn E. Sasse's distributive share of the estate should be offset by the amount of the loss to the estate that resulted from his defalcations during the time he served as guardian.

In reaching our decision, we have not overlooked the argument that Lynn E. Sasse waived his right to contest state court jurisdiction or consented to the jurisdiction of the state court by entering a general appearance.

■ It has long been the rule in this state that "where the court has no jurisdiction of the subject-matter of the action, jurisdiction cannot be given to such court by any act of the parties; even by joint stipulation ...." *People's Sec. Bank v. Sanderson,* 24 S.D. 443, 448, 123 N.W. 873,

875 (1909). In *Honomichl v. State,* 333 N.W.2d 797, 799 (S.D.1983), we restated the general rule that "subject matter jurisdiction cannot be conferred by agreement, consent, or waiver."

■ A judgment which a court had no jurisdiction to pronounce is void and may be attacked at any time either directly or collaterally. *Johnson v. Bruflat,* 45 S.D. 200, 186 N.W. 877 (1922). *See also Kromer v. Sullivan,* 88 S.D. 567, 225 N.W.2d 591 (1975).

■ It follows, then, that Lynn E. Sasse was not precluded from filing the petition seeking to have the underlying judgment against him vacated on the ground that the trial court lacked subject matter jurisdiction.

The judgment in appeal # 14547 is affirmed. Appeal # 14149 and the notice of review in # 14176 are dismissed.

All the Justices concur.

WUEST, Circuit Judge, Acting as Supreme Court Justice, participating.