#25730-a-JKM
**2011 S.D. 18**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

GREGORY CARMON,                                                      Plaintiff and Appellee,
        v.
BRIAN ROSE,                                                          Defendant and Appellant,

        and

ENTERRA ENERGY, LLC an Oklahoma
limited liability company; ENTERRA
ENERGY, LLC, a Wyoming limited liability
company; ENTERRA ENERGY, LLC, an inactive
Florida limited liability company; DAVID
ROSE; MICHAEL WOOD; MATTHEW
SHERMAN; BRENT LOVEALL; GARY
TARBIS; DENNIS WILKINS; BERKSHIRE
RESOURCES, LLC, a Wyoming limited
liability company; JASON ROSE; JUPITER
ENERGY, LLC, an Oklahoma limited
liability company; STAN BILLUE; P-87
SOUTH, LLP, a Wyoming limited liability
partnership or an Oklahoma limited liability
partnership; ENTERRA 2005-7, LLP, an Oklahoma
limited liability partnership; DRILLING DEEP IN
THE WATER, LLP, an Oklahoma limited
liability partnership; KEN-TEX, LLP, an
Oklahoma limited liability partnership;
and DOE DEFENDANTS 1 THROUGH 20,              Defendants.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE PATRICIA C. RIEPEL
Judge
\* \* \* \*

CONSIDERED ON BRIEFS
ON MARCH 21, 2011
OPINION FILED **04/27/11**

* * * *

VINCE M. ROCHE of
Davenport, Evans, Hurwitz & Smith, PC          Attorneys for plaintiff
Sioux Falls, South Dakota                      and appellee.

JOHN C. SOGN
ERIKA L. STOESER of
Lynn, Jackson, Shultz & Lebrun, PC             Attorneys for defendant
Rapid City, South Dakota                       and appellant.

MEIERHENRY, Justice

[¶1.]     In this case we are asked to decide whether substitute service of process was valid.  Gregory Carmon filed suit against Brian Rose in Minnehaha County, South Dakota, alleging conspiracy to defraud.  Carmon's suit claimed that Rose and several other defendants defrauded him in an oil and gas investment scheme.  The summons and complaint were served by substitute service under SDCL 15-6-4(e) on Rose's wife at 2504 Little Hills Lane, Louisville, Kentucky, on December 3, 2009.  When no responsive pleadings were filed, Carmon moved for a default judgment, which was granted.  Rose subsequently filed a motion to set aside the default judgment.  He claimed that the substitute service was invalid because he had not lived at 2504 Little Hills Lane, Louisville, Kentucky, since separating from his wife in November 2008.  The trial court denied his motion concluding that 2504 Little Hills Lane was Rose's dwelling house for purposes of substitute service and that the default judgment should not be set aside.  Rose appeals, claiming that (1) substitute service was invalid, or alternatively, (2) if service was valid, he was entitled to have the default judgment set aside.  We affirm the trial court.

**Analysis**

[¶2.]     "If the defendant cannot be found conveniently," the law authorizes substitute personal service "by leaving a copy [of the summons] at his dwelling house in the presence of a member of his family over the age of fourteen years. . . ." SDCL 15-6-4(e).  Because "the validity of service of process is a question of law," our review is de novo.  *Lekanidis v. Bendetti*, 2000 S.D. 86, ¶ 15, 613 N.W.2d 542, 545 (citing *Yankton Ethanol, Inc. v. Vironment, Inc.*, 1999 S.D. 42, ¶ 6, 592 N.W.2d 596,

598 (citations omitted)). Further, "substitute service must be made in strict compliance with the [authorizing] statute to ensure that the defendant will receive notice of the action." *Id.* ¶ 24. Strict compliance is required for substitute service to reduce the inherent risk that a defendant not receive notice of the lawsuit. *Edsill v. Schultz*, 2002 S.D. 44, ¶ 9, 643 N.W.2d 760, 763; *Lekanidis*, 2000 S.D. 86, ¶ 24, 613 N.W.2d at 547. Furthermore, "[w]ithout valid service of process[,] the trial court has no jurisdiction to act." *Lekanidis*, 2000 S.D. 86, ¶ 33, 613 N.W.2d at 549 (quotations and citations omitted). The trial court's decision to deny Rose's motion to vacate and stay execution of the default judgment is reviewed for an abuse of discretion. *Peters v. Barker & Little, Inc.*, 2009 S.D. 82, ¶ 5, 772 N.W.2d 657, 659.

*Validity of Substitute Service*

[¶3.]    When service of process is challenged, the party who commences an action using substitute service must demonstrate that the service is valid. "The great weight of the case law is to the effect that the party on whose behalf service has been made has the burden of establishing its validity." *Grajczyk v. Tasca*, 2006 S.D. 55, ¶ 22, 717 N.W.2d 624, 631 (quoting 5B Wright & Miller, *Federal Practice and Procedure* § 1353, at 342). A valid return of service establishes a prima facie showing of proper service. *Id.*

[¶4.]    Here, the process server's affidavit established that the statutory requirements for substitute service were met. The process server left a copy of the summons and complaint with Rose's wife at 2504 Little Hills Lane, Louisville, Kentucky. The process server submitted proof of service with an affidavit that

stated "the time, place, and manner of such service" as required by SDCL 15-6-4(g)(2). *See Grajczyk*, 2006 S.D. 55, ¶ 26, 717 N.W.2d at 632.

[¶5.]        Rose claims that the substitute service was invalid because he and his wife had separated and he was not living at that address when service was made. His affidavit stated in part:

> 4.      A default judgment in the amount of $343,658 was apparently entered against me and other defendants in February 2010. The Default Judgment and Order is dated February 10, 2010, and was filed February 17, 2010.
>
> 5.      I knew nothing of this lawsuit or the default judgment against me until June of 2010, when I was in the process of purchasing property in Kentucky and a credit check by the mortgage company revealed the lien from this lawsuit.
>
> . . .
>
> 7.      I have been separated from my wife, Mary Rose, since approximately November 2008 and I have not lived at 2504 Little Hills Lane, Louisville, Kentucky since on or about November 2008.
>
> 8.      Since approximately September 2009, my residence has been 15326 Royal Troon Drive, Louisville, Kentucky, 40245.
>
> 9.      The process server's Affidavit [ ] states that the Summons and Complaint was served at 2504 Little Hills Lane, Louisville, Kentucky, 40223, by serving my wife, Mary Rose, on December 3, 2009. As stated above, I was separated from my wife, Mary Rose, and no longer lived at that residence.
>
> 10.     Mary Rose did not tell me about this lawsuit or provide copies of the Summons and Complaint to me.

Rose's sworn affidavit sufficiently refuted Carmon's prima facie evidence that service was proper, in that it created a disputed fact of whether 2504 Little Hills Lane was his dwelling house at the time of service. As a result, Carmon had to

prove that the substitute service was valid. *See id.* ¶ 22. Because substitute service must be left at a party's dwelling house to be valid, failure to do so would render the substitute service invalid.

[¶6.] To meet his burden that substitute service was made, Carmon presented additional evidence. This evidence indicated that Rose continued to use the 2504 Little Hills Lane address to conduct business after he allegedly separated from his wife in 2008. He used this address for a new business venture in 2009. He also received a bank document at this address indicating that he and his wife had satisfied a mortgage in September 2009. A vehicle registered to Rose was photographed parked at this address in 2010. Additionally, Carmon's investigation into Rose's residence turned up no evidence linking Rose to 15326 Royal Troon Drive. And notably, Rose's estranged wife, who accepted the substitute service at 2504 Little Hills Lane, gave no indication that Rose lived elsewhere. *See generally Johnson v. Bruflat*, 45 S.D. 200, 186 N.W. 877, 879 (1922) (concluding that substitute service was improper after the defendant's wife told the process server that her husband had abandoned her and no longer resided at the dwelling house where service was made).

[¶7.] Although the evidence was submitted to the trial court by affidavit, the weight of the evidence supports the court's conclusion that substitute service was valid. The evidence sufficiently demonstrates that 2504 Little Hills Lane was Rose's dwelling house and that SDCL 15-6-4(e)'s requirements for substitute service were met. Therefore we hold that substitute service was valid and that the trial court had jurisdiction to enter default judgment against Rose.

*Rose's Motion to Set Aside the Default Judgment*

[¶8.] Rose next argues that the trial court erred by not granting his motion to set aside the default judgment. Rose asserts that because he did not have "actual knowledge of the lawsuit or the Default Judgment and he has a good faith meritorious defense to this suit, the trial court should have set aside the Default Judgment." This Court reviews the "grant or denial of relief from a default judgment under the abuse of discretion standard of review." *Upper Plains Contracting Inc. v. Pepsi Americas*, 2003 S.D. 3, ¶ 11, 656 N.W.2d 323, 327. The party seeking to have a default judgment set aside must establish "good cause." SDCL 15-6-55(c); SDCL 15-6-60(b). "Doubts should ordinarily be resolved in favor of setting aside a judgment by default so that the case can be tried on the merits. In the end, however, granting or denying relief from a default judgment rests in the discretion of the trial court and we will not disturb that decision absent an abuse of discretion." *Strutton v. SDG Macerich Props. LP,* 2005 S.D. 44, ¶ 9, 695 N.W.2d 242, 244 (citations omitted).

[¶9.] Rose's only evidence of "good cause" to set aside the judgment was his two affidavits. In the first, he claimed that he did not receive notice, and, in the second, he generally asserted that he had a meritorious defense. Based on this meager showing, the trial court did not abuse its discretion in denying his motion.

[¶10.] Affirmed.

[¶11.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and SEVERSON, Justices, concur.