■ In the Matter of LINDA D. STAGNAR, Respondent, v DWIGHT P. STAGNAR, Appellant. — Order unanimously reversed, without costs, and petition dismissed, in accordance with the following memorandum: The petition in this Family Court proceeding charged appellant with a violation of an enforcement support order dated October 22, 1982 based on his failure to pay a $75 arrears installment due on February 18, 1983 and consequently to submit himself to the Jefferson County Jail to serve a weekend sentence. The petition requested his commitment to jail for a period of 45 days as provided in the underlying order. Following a hearing, appellant was committed to jail for a six-month term for his willful failure to pay the $600 monthly support provided by the original support order dated October 8, 1981 and reaffirmed by the enforcement order of October 22, 1982. He was given the opportunity to purge his contempt by the payment each month thereafter of the monthly support plus $600 for arrears. Appellant's proof at the hearing was limited to his earnings and obligations from August through December, 1982, and he submitted no

proof to rebut the statutory presumption of willfulness arising from his failure to pay support in 1983 (Family Ct Act, § 454, subd 1, par [a]). The record thus supports a finding of willfulness based upon appellant's failure to pay the basic support in 1983 (see *Matter of Williams v Williams,* 91 AD2d 1044; *Matter of Nasser v Abraham,* 86 AD2d 973; *Matter of Cole v Cole,* 65 AD2d 643; see, also, Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, part 1, Family Ct Act, § 454, pp 386-387). The petition, however, did not charge appellant with a failure to pay the monthly support of $600 and the penalty requested was incarceration for 45 days. It is a fundamental principle of law emphasized even in cases where rights of less standing than personal liberty are at stake that a person accused of wrongdoing be given notice of the charges made (*Groppi v Leslie,* 404 US 496, 502; *Matter of Murray v Murphy,* 24 NY2d 150, 157). What constitutes sufficient notice depends upon the particular circumstances of each case (*Matter of Spector v Allen,* 281 NY 251, 256-257; *Orchard Park Cent. School Dist. v Orchard Park Teachers Assn.,* 50 AD2d 462, 469, app dsmd 38 NY2d 911), but it must be reasonably calculated to "apprise the party of the charges against him so as to enable him to adequately prepare and present a defense". (*Matter of Fitzgerald v Libous,* 44 NY2d 660, 661; see, also, *Mullane v Central Hanover Trust Co.,* 339 US 306, 314; *Silverstein v Minkin,* 49 NY2d 260, 263.) Consistent with this principle, it has been held that "no person may lose substantial rights because of wrongdoing shown by the evidence, but not charged." (*Matter of Murray v Murphy, supra,* p 157.) So basic is this right that where it has been violated prejudice will be presumed (*Matter of Murray v Murphy, supra,* p 157). The obvious violation of due process in this case, however, was not objected to by appellant's counsel, nor has the issue been raised on this appeal. In the ordinary case, therefore, the issue could be ignored by us because "it is not for the appellate court to seek out and consider errors if counsel for appellant does not claim that he was aggrieved thereby". (10 Carmody-Wait 2d, NY Prac, § 70:422, p 692.) Nonetheless, where loss of liberty is involved constitutional rights must be carefully protected and the law literally complied with (*Goldie v Goldie,* 77 App Div 12, 14; see, generally, 21 NY Jur 2d, Contempt, § 11). The interests of justice are not served if a person is committed to jail when he has not been accorded his full constitutional rights. This is particularly true here because appellant may have been misled by the petition and limited his proof accordingly. He offered no evidence to mitigate his failure to pay support in the year 1983. In criminal cases, we may examine the entire record and need not limit our examination to the points presented by counsel (see *People v Stubbs,* 30 AD2d 932). We have no less an obligation in a case such as this which has resulted in the imposition of a jail sentence. Under the circumstances, the interests of justice require that the order of Family Court be reversed and the petition dismissed without prejudice. In view of this determination there is no need to consider other objections raised by appellant. (Appeal from order of Jefferson County Family Court, Gilbert, J. — support.) Present — Dillon, P. J., Hancock, Jr., Green, O'Donnell and Schnepp, JJ.