PER CURIAM.
Richard S. Reynolds appeals the nonfinal order holding him in civil contempt for the failure to reimburse his former wife, Kim M. Reynolds, for his 58% share of certain expenses expended on behalf of the parties’ minor child. We reverse and direct the trial court to quash the order of contempt.
In 1995, the marriage between Mr. and Mrs. Reynolds was dissolved. The final judgment of dissolution of marriage contains a provision ordering the parties to share certain health-related expenses of their minor son. That provision states:
F. The Wife shall be responsible for 42% of any medical, dental, ocular, pharmaceutical, or orthodontic expenses incurred for the benefit of the minor child that ae not otherwise covered by insurance, and the Husband shall be responsible for 58% of said expenses.
In 1996, Mrs. Reynolds filed a motion for contempt against Mr. Reynolds, alleging that Mr. Reynolds did not pay his prorated share of the child’s medical expenses as required by provision F. The medical expenses at issue were incurred prior to the final judgment of dissolution of marriage.
The trial court first determined that Mr. Reynolds owed Mrs. Reynolds his share of the unreimbursed expenses which equaled $693.39. Then, the trial court adjudged Mr. Reynolds in contempt for failing to abide by the terms and conditions of the final judgment; providing that Mr. Reynolds could purge the contempt if he paid $693.39 by a specified date. Mr. Reynolds paid the amount owed, plus an attorney’s fee to Mrs. Reynolds, and now seeks review of the trial court’s finding of civil contempt.
We find that the language of provision F of the final judgment is ambiguous, at best, with regard to whether it applies retroactively (i.e. to expenses incurred prior to the final judgment). Therefore, the trial court *46 erred in finding Mr. Reynolds in contempt of court. See Loury v. Loury, 431 So.2d 701, 703 (Fla. 2d DCA 1983) (“A party may not be held in contempt of court for violating an order which is not clear in its command and direction”).
Mrs. Reynolds argues that the contempt issue is moot because the purge amount was paid by Mr. Reynolds. In today’s society there is a stigma attached to those who fail to pay their child support. These people are often referred to as “deadbeat parents.” It would be unfair for an order in the court file to place Mr. Reynolds in that stigmatic category if he is not, in fact, guilty of civil contempt.
Accordingly, we reverse the order finding Mr. Reynolds in civil contempt and remand this case to the trial court to quash that order. However, because the trial court determined that Mr. Reynolds owed $693.39 to the former wife as unreimbursed expenses and the propriety of that determination was not raised as a issue in the parties’ briefs, we do not address it. On remand, Mr. Reynolds is not entitled to any reimbursement of the funds he paid to the former wife or her attorney.
Reversed and remanded with directions to the trial court to quash the order of civil contempt.
PARKER, C.J., and BLUE and WHATLEY, JJ., concur.