1998 SD 122

**STATE of South Dakota ex rel. Sheree R. (Sadlier) FREEMAN, Plaintiff and Appellee,**

v.

**Don Glen SADLIER, Defendant and Appellant.**

No. 20301.

Supreme Court of South Dakota.

Considered on Briefs Sept. 17, 1998.

Decided Nov. 18, 1998.

Rehearing Denied Dec. 30, 1998.

Mark Barnett, Attorney General, A. Thomas Pokela, Special Assistant Attorney General, Sioux Falls, for plaintiff and appellee.

Margaret A. Vandemore, Minnehaha County Public Defender, Sioux Falls, for defendant and appellant.

PER CURIAM.

[¶ 1.] Don Glen Sadlier appeals from a court order finding him in contempt for failure to pay child support.

FACTS

[¶ 2.] Sheree Rae Freeman and Don Glen Sadlier were granted a divorce in South Dakota on April 24, 1992 with child support and custody issues reserved for determination by a Utah court.[1] A decree of divorce deciding the child support and custody issues was

1. An action was pending in Utah regarding custody of the couple's minor child at the time the action for divorce was filed in South Dakota.

subsequently entered in Utah which Sadlier registered in South Dakota as a foreign judgment on September 29, 1993. In that decree, Freeman was awarded custody of the couple's minor child and child support was set in the amount of $219 per month. Two days after registering the decree in this state, Sadlier filed an action here to modify the Utah order and change custody. The order was modified somewhat as to visitation for a period during November 1993 but custody remained with Freeman at all times. Sadlier, a resident of Utah, availed himself of the South Dakota courts numerous times for various orders regarding his ex-wife and their minor child since registering the foreign judgment here.

[¶ 3.] In September 1996, Freeman petitioned a South Dakota court for an increase in child support to $350 per month, citing specific changes in the parties' and child's circumstances. Following a hearing, a referee recommended support be increased as requested. Sadlier received notice in Utah of the hearing but chose not to attend. Upon receiving the referee's recommendation, however, Sadlier filed objections and appeared at a hearing before the circuit court. Sadlier claimed the South Dakota court lacked jurisdiction to modify the order as the statutory requirements of SDCL ch 25–9B permitting modification of a foreign support order were not met. On December 26, 1996, an order was entered increasing the amount of child support to $350 per month. Sadlier did not directly appeal this order.

[¶ 4.] While the modification action was pending, an investigator with this state's Office of Child Support Enforcement provided an affidavit on December 10, 1996 that Sadlier had not been paying child support of $219 per month as originally ordered by the Utah court. The affidavit declared Sadlier was $9,184 in arrears for nonpayment from August 30, 1993 through December 31, 1996. Based on this information, an order to show cause was issued and a hearing scheduled for January 15, 1997. Prior to the hearing date, Sadlier denied the allegations by affidavit and filed a motion to dismiss for lack of jurisdiction. Sadlier did not attend the hearing and a warrant was issued for his arrest.

■ [¶ 5.] The warrant was served on Sadlier six months after it was issued and a second show cause hearing was held August 4, 1997. Sadlier appeared and denied the contempt charges. The circuit court found Sadlier was in arrears on his child support obligation and found him in contempt for willfully disobeying the court order. Sadlier was ordered to remain in jail until he paid an arrearage amount which he paid a few days after the contempt hearing, thereby purging himself of contempt.[2]

[¶ 6.] Sadlier appeals the order of contempt raising the following issues:

1. Whether the circuit court erred in failing to apply SDCL 25–9B.

2. Whether the circuit court erred in finding Sadlier in contempt.

## ANALYSIS AND DECISION

[¶ 7.] **Whether the circuit court erred in failing to apply SDCL 25–9B.**

■ [¶ 8.] Sadlier claims he did not pay $350 per month child support because the

---

2. Note the issue is not made moot by Sadlier's purging himself of the contempt. *See Reynolds v. Reynolds,* 711 So.2d 45 (Fla.App.Ct. 1998) (issue not rendered moot because husband had paid purge amount, as it would be unfair to place husband in stigmatic category of "deadbeat parents" if he were not guilty of civil contempt); *Johnson v. Johnson,* 527 N.W.2d 663 (N.D.1995) (issue not moot where father paid arrearage amount and purged himself of contempt; his refusal to comply with court-ordered support forced mother to incur costs of litigation and question was capable of repetition yet would otherwise evade review); *but see Clark v. Myers,* 945 S.W.2d 702 (Mo.Ct.App.1997) (appeal becomes moot and unappealable where contemnor purges himself of contempt by complying with the court's order, but remains appealable if order is enforced by incarceration); *Fort Howard Paper Co. v. Fort Howard Corp.,* 273 Wis. 356, 77 N.W.2d 733, 735–36 (Wis 1956) (A party's involuntary compliance with an order requiring payment to purge or avoid a contempt finding may render the controversy moot). An appeal is moot when a resolution of the issues will not have any practical effect upon an existing controversy. *State ex rel. La Crosse Tribune v. Circuit Court,* 115 Wis.2d 220, 340 N.W.2d 460, 464–65 (Wis 1983). As will be shown herein, resolution of the issues has a practical effect upon this controversy and therefore this appeal is not moot.

court ordering the modification failed to comply with the statutory requirements of SDCL ch 25–9B, South Dakota's Uniform Interstate Family Support Act, and therefore lacked jurisdiction to modify. This chapter was enacted in 1994, two years before Freeman filed her petition seeking an increase in child support. SDCL 25–9B–603(c) provides that "[e]xcept as otherwise provided in §§ 25–9B–601 to 25–9B–612, inclusive, a tribunal of this state shall recognize and enforce, *but may not modify,* a registered order if the issuing tribunal had jurisdiction." (emphasis added). SDCL 25–9B–610 provides "[a] tribunal of this state may enforce a child support order of another state registered for purposes of modification, in the same manner as if the order had been issued by a tribunal of this state, *but the registered order may be modified only if the requirements of § 25–9B–611 have been met.*" (emphasis added). SDCL 25–9B–611 provides:

(a) After a child support order issued in another state has been registered in this state, the responding tribunal of this state **may modify that order only if § 25–9B–613 does not apply** [3] **and, after notice and hearing, it finds that:**

(1) **The following requirements are met:**
(i) The child, the individual obligee, and the obligor do not reside in the issuing state;

(ii) A petitioner who is a nonresident of this state seeks modification; **and**

(iii) The respondent is subject to the personal jurisdiction of the tribunal of this state; **or**

(2) An individual party or the child is subject to the personal jurisdiction of the tribunal and all of the individual parties have filed a written consent in the issuing tribunal providing that a tribunal of this state may modify the support order and assume continuing, exclusive jurisdiction over the order. However, if the issuing state is a foreign jurisdiction which has not enacted this chapter, the written consent of the individual party residing in this state is not

required for the tribunal to assume jurisdiction to modify the child support order.

(b) Modification of a registered child support order is subject to the same requirements, procedures, and defenses that apply to the modification of an order issued by a tribunal of this state and the order may be enforced and satisfied in the same manner.

(c) A tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state. If two or more tribunals have issued child support orders for the same obligor and child, the order that is controlling and must be recognized under the provisions of § 25–9B–207 establishes the nonmodifiable aspects of the support order.

(d) On the issuance of an order modifying a child support order issued in another state, a tribunal of this state becomes the tribunal of continuing, exclusive jurisdiction.

(emphasis added).

[¶ 9.] Sadlier is correct in his claim that the requirements of SDCL 25–9B–611 were not met prior to modification of his child support obligation. The State concedes the same in its appellate brief. At the time of the modification hearing, Sadlier was, and is, a resident of Utah. The minor child and her mother, the petitioner, were both residents of this state. No written consent for modification was filed by the parties with the issuing court.

[¶ 10.] Personal jurisdiction over Sadlier is established through application of our long-arm statute, SDCL 15–7–2(7) and Sadlier's application to this state's courts for other orders involving his minor child. However, " '[s]ubject matter jurisdiction can neither be conferred on a court, nor denied to a court by the acts of the parties or the procedures they employ.' " *Sage v. Sicangu Oyate Ho, Inc.,* 473 N.W.2d 480, 484 (S.D.1991) (quoting In re *Application of Koch Exploration Co.,* 387 N.W.2d 530, 536 (S.D.1986)). Although Sadlier failed to appeal the modifi-

---

**3.** In the present case, SDCL 25–9B–613 did not apply. That statute provides in relevant part:
  (a) If all of the individual parties reside in this state and the child does not reside in the

issuing state, a tribunal of this state has jurisdiction to enforce and modify the issuing state's child support order in a proceeding to register that order.

cation order within the statutory time limits set under SDCL 15–26A–6, jurisdictional questions have no time limitation. *In re M.A.C.*, 512 N.W.2d 152, 154 (S.D.1994). Because the circuit court ordering modification of child support lacked subject matter jurisdiction, that judgment is void. *Id.*

### [¶ 11.] Whether the circuit court erred in finding Sadlier in contempt.

[¶ 12.] Four elements must be met to support a finding of contempt. The circuit court must find: 1) the existence of an order; 2) knowledge of the order; 3) ability to comply with the order; and 4) willful or contumacious disobedience of the order. *Taecker v. Taecker*, 527 N.W.2d 295, 298 (S.D.1995). Sadlier claims the circuit court erred in finding this last element since he cannot have been held to willfully or contumaciously disobey a court order which, according to Sadlier, "improperly modified his child support obligation."

[¶ 13.] However, Sadlier's focus on the modification order shifts the argument under this second issue from its proper course. The modification order was entered December 26, 1996. The affidavit alleging nonpayment was filed 16 days earlier on December 10, 1996 and could not have contemplated disobedience of an order not yet made. The affidavit specifically referred to Sadlier's nonpayment of $219 per month child support for the period of time from August 30, 1993 through December 31, 1996. This support had been ordered by the Utah court on August 30, 1993, which order was then registered in South Dakota by Sadlier September 29, 1993. Contempt proceedings arose from the affidavit alleging nonpayment of the original support of $219 per month. Thus, the modification order was not implicated in this claim.

[¶ 14.] The circuit court recognized this when it inquired at the contempt hearing whether Sadlier was delinquent in his child support obligation under the prior order. The State answered in the affirmative. The circuit court found Sadlier had the ability to pay and that his refusal to pay had been willful. Sadlier makes no contrary claim in his appellate brief. In fact, he testified he had not paid child support for a period of time prior to November 1995 and since that time had missed payments in June and December 1996 and doubled one payment. He indicated he was not sure he was current with these missed payments. These payments were all due prior to the modification order which we hold the circuit court was without jurisdiction to make. The fact that the contempt hearing also involved allegations of nonpayment of the modified child support amounts does not negate Sadlier's contempt of court for nonpayment of his obligation prior to modification.

[¶ 15.] SDCL 25–9B–603(c) permits enforcement of the Utah order by a tribunal of this state. The order finding Sadlier in contempt is affirmed except for those time periods over which the modifying court had no jurisdiction.[4]

[¶ 16.] MILLER, C.J., and SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, JJ., participating.

---

4. On June 9, 1997 an order of the Utah court declining jurisdiction of visitation and support issues involving his family was entered. This was six months after entry of the modification order which we now find void for lack of jurisdiction. Since entry of the June 9, 1997 order, this state has had jurisdiction over custody and support issues involving Sadlier's child. The judgment appealed from herein, finding Sadlier in contempt and including a purging clause which Sadlier has exercised, further ordered him to pay $350 per month in child support "from this point forward" and payment of $50 per month toward his arrearages. Sadlier did not appeal this portion of the order.