■ In the Matter of Lisa Anderson, Appellant, v Chandler Barlow, Respondent. (Appeal No. 2.) [682 NYS2d 650] —Order unanimously affirmed without costs. Same Memorandum as in *Matter of Anderson v Barlow* (256 AD2d 1234 [decided herewith]). (Appeal from Order of Erie County Family Court, Townsend, J.—Sanctions.) Present—Denman, P. J., Green, Hayes, Callahan and Balio, JJ.

■ In the Matter of Chandler Barlow, Respondent, v Lisa Anderson, Appellant. (Appeal No. 3.) [683 NYS2d 452] —Order unanimously affirmed without costs. Same Memorandum as in *Matter of Anderson v Barlow* (256 AD2d 1234 [decided herewith]). (Appeal from Order of Erie County Family Court, Townsend, J.—Custody.) Present—Denman, P. J., Green, Hayes, Callahan and Balio, JJ.

■ In the Matter of Mass DOR/CSE, on Behalf of Kathleen Cunningham, Respondent, v John Haystrand, Appellant. [684 NYS2d 100] —Order unanimously affirmed without costs. Memorandum: The record supports Family Court's determination that respondent willfully violated a prior support order. Respondent's undisputed failure to pay support constitutes prima facie evidence of willfulness (*see*, Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69; *Matter of Dart v Howell*, 237 AD2d 825). Family Court, which was in the best position to evaluate the evidence (*see, Matter of Susan M. v Louis N.*, 206 AD2d 612, 614), was entitled to reject as lacking in credibility the testimony of respondent that he was unable to make the required payments. (Appeal from Order of Ontario County Family Court, Harvey, J.—Support.) Present—Denman, P. J., Green, Hayes, Callahan and Balio, JJ.