■ In the Matter of CAROLE CAMPBELL, on Behalf of LAURA SUGGS, Appellant, v GEORGE O'NEIL, Respondent. [699 NYS2d 87] —In a child support proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Putnam County (Braatz, J.), entered June 8, 1998, which denied her objections to an order of the same court (Winslow, H.E.), entered April 13, 1998, after a hearing, dismissing the proceeding.

Ordered that the order is reversed, on the law, the objections to the order of the Hearing Examiner are sustained, the order entered April 13, 1998, is vacated, and the matter is remitted to the Family Court, Putnam County, for a new determination in accordance herewith.

The instant proceeding was commenced by the filing of a violation of support petition against the respondent father to recover arrears of child support pursuant to an order that was issued in Connecticut in 1986 and registered in New York in 1992. The Hearing Examiner erred in placing the burden of demonstrating the validity of the foreign support order on the petitioner (*see,* Family Ct Act § 580-607 [a]). The Connecticut order was confirmed by operation of law when it was registered without objection in 1992 (*see,* Family Ct Act § 580-606 [b]). That the order may have been vacated, suspended, or modified by a later order can be raised by the respondent as a defense to the enforcement of the Connecticut order (*see,* Family Ct Act § 580-607 [a] [3]). Accordingly, dismissal of the proceeding was improper, and the matter must be remitted for a hearing and determination of the merits of the petition. Thompson, J. P., Joy, Krausman and Goldstein, JJ., concur.