■ In the Matter of SONIA BARROS, Respondent, v LUIS VILA, Appellant. [705 NYS2d 442] —Carpinello, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered

August 7, 1998, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in willful violation of a foreign support order.

By judgment of paternity and order for support entered April 10, 1990 in the Court of Common Pleas of Athens County, Ohio Juvenile Division, respondent (who has lived in New York since 1981) was determined to be the biological father of petitioner's daughter (born in 1978) and ordered to pay weekly child support in the amount of $65. In 1998, petitioner, who had relocated to Warren County, sought to register this foreign support order in New York. By notice of registration dated April 7, 1998 respondent was notified that the Ohio support order had been registered.

On April 29, 1998, respondent filed a *pro se* petition to vacate the order contending that he did not receive a fair trial in Ohio, that the Ohio court ignored pertinent financial information in calculating his child support obligation and that he was financially incapable of paying support. The Warren County Support Collection Unit, on behalf of petitioner, cross-petitioned for enforcement of the foreign support order seeking arrears in excess of $13,000. Following a June 3, 1998 hearing on both petitions (at which respondent failed to appear), a Hearing Examiner dismissed respondent's petition to vacate, confirmed the foreign support order and entered a judgment against respondent in the amount of $13,050.90. It also ordered respondent to pay $100 per week toward the arrears.

Upon receipt of the orders and judgment resulting from the June 3, 1998 hearing, respondent filed a second motion to vacate. When respondent failed to make the required payments, petitioner, in turn, filed a violation petition. A second hearing ensued on July 28, 1998 at which both parties appeared and testified before Family Court. Now represented by an attorney, respondent argued that petitioner failed to prove paternity in the Ohio proceeding and that he was financially unable to pay support. Following this second hearing, Family Court found that respondent willfully violated the order directing payment of support, confirmed the amount of arrears due, ordered that he pay $100 per *month* toward such arrears and issued a suspended sentence of 60 days in jail. Respondent appeals.

In response to Federal directives outlined in the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, the Legislature enacted the Uniform Interstate Family Support Act (*see*, L 1997, ch 398) (hereinafter UIFSA) effective December 31, 1997 (*see*, Family Ct Act § 580-904). The purpose

of UIFSA is to "facilitate the interstate establishment of paternity and establishment and enforcement of child support orders" (Senate Mem, 1997 McKinney's Session Laws of NY, at 2391; *see*, Governor's Mem, 1997 McKinney's Session Laws of NY, at 1940). Under UIFSA, a child support order issued in another state may be registered in this State for purposes of enforcement (*see*, Family Ct Act § 580-605). Pursuant to the statutory scheme, Family Court is obligated to notify a "nonregistering party" of the registration (*see*, Family Ct Act § 580-605 [a]), who may contest the validity or enforcement of the registered order on one or more of seven narrowly defined grounds (*see*, Family Ct Act § 580-607 [a] [1-7]).

If the nonregistering party either fails to timely contest the registration or enforcement of the order or fails to establish a defense under Family Court Act § 580-607 (a), the "registering tribunal" (Family Ct Act § 580-101 [15]) is required to confirm the order (*see*, Family Ct Act § 580-605 [3]; § 580-606 [b]; § 580-607 [c]; *see also*, *Matter of Campbell v O'Neil*, 266 AD2d 538). Here, while respondent's April 29, 1998 *pro se* petition to vacate constituted a *timely* contest of the registration and enforcement, he neither raised nor proved any of the seven enumerated defenses under the statute. Thus, the Hearing Examiner did not err in confirming the order following the June 3, 1998 hearing. In dismissing respondent's petition to vacate, the Hearing Examiner specifically found that the petition contained "no valid legal reason to grant his relief". When Family Court reopened the matter and gave respondent a second chance to contest the registration and enforcement of the support order—despite the provisions of Family Court Act § 580-608—respondent *still* failed to raise or prove any of the seven enumerated defenses outlined under Family Court Act § 580-605 (a).

As to Family Court's finding of a willful violation, we are satisfied that the evidence was sufficient to support this finding. First, contrary to respondent's assertions, there was sufficient proof before Family Court that respondent indeed failed to pay the ordered child support (*see*, Family Ct Act § 454 [3] [a]). Moreover, although he attempted to paint himself as totally destitute and in ill health, we are satisfied that respondent failed to meet his shifted burden of "offer[ing] some competent, credible evidence of his inability to make the required payments" (*Matter of Powers v Powers*, 86 NY2d 63, 69-70; *see*, *Matter of Nickerson v Bellinger*, 258 AD2d 688; *Matter of Tarbell v Tarbell*, 241 AD2d 702).

At the hearing, respondent testified that he earns $12,000

per year as an artist. He admitted, however, that he has also worked as a professor in the past, although he claims that he has not been employed in this capacity in over a decade.* While his reported income is indeed modest, he lives in a rent-controlled apartment and pays only $200 per month in rent. Moreover, all of his other children are now emancipated. Although purportedly lacking the funds to pay his child support obligation to petitioner, he continues to support two of his adult children by supplying them with room, board and transportation expenses while they attend college. In short, the limited evidence adduced at the hearing regarding respondent's income and expenses fails to support his conclusory assertions that he is unable to meet his support obligation due to a lack of funds (*see, Matter of Warner v Monroe*, 262 AD2d 684, 686). Accordingly, we conclude that Family Court clearly did not err in finding that respondent willfully violated the prior order of support.

Respondent's remaining contentions, to the extent preserved for review, have been reviewed and found to be unavailing.

Cardona, P. J., Crew III, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Notably, however, on his 1997 income tax return signed on April 15, 1998, he listed his occupation as "*professor*/artist" (emphasis supplied).