■ KEVIN MAURO, Appellant, v JOHN S. DEGROODT, Respondent. [706 NYS2d 761] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Fromer, J.H.O.), entered March 2, 1999 in Ulster County, upon a decision of the court in favor of defendant.

On January 23, 1998, plaintiff and defendant were involved

in a two-car automobile accident on US Route 44 in the Town of Pleasant Valley, Dutchess County. The accident occurred in the vicinity of a "T" intersection, controlled by a traffic light, where West Road meets Route 44. While making a left-hand turn from West Road onto Route 44, plaintiff's vehicle was struck by defendant's vehicle which was traveling on Route 44. Following the accident, plaintiff commenced this action seeking $5,000 for property damage to his vehicle. At the conclusion of a nonjury trial, Supreme Court held that plaintiff failed to satisfy his burden of proof. Judgment was rendered in favor of defendant and this appeal ensued.

Initially, plaintiff contends that he was deprived of a substantial right because his attorney was not afforded the opportunity to make a closing statement. Inasmuch as the record discloses that neither party's attorney gave closing statements, due to an apparent oversight by Supreme Court, and no objection was made regarding this omission, plaintiff has failed to preserve the issue for our review (*see, Matter of Miriam MM.*, 165 AD2d 934).

Plaintiff further argues that Supreme Court's decision is contrary to the weight of the evidence. Based upon our review of the record, we disagree. "[A]lthough an appellate court is empowered in a nonjury case to independently consider the probative weight of the evidence and the inferences to be drawn therefrom, deference is accorded the trial court's factual findings particularly where they rest largely upon an assessment of credibility" (*Jump v Jump*, 268 AD2d 709, 710; *see, Munno v State of New York*, 266 AD2d 694, 695). In the case at hand, plaintiff and defendant gave contrary testimony as to the manner in which the accident occurred.

Plaintiff testified that, on the morning of the accident, it was snowing lightly and the roads were slippery. He stated that he proceeded on West Road and arrived at its intersection with Route 44 when he noticed the light turn yellow and then red. He indicated that he stopped and started to make a left-hand turn onto Route 44 after the light turned green. He related that he used his turn signal and, while making the turn, looked to the left and saw defendant's vehicle coming toward him. He stated that his vehicle was struck in the "left front wheel, door fender seam". He acknowledged that it was difficult to see traffic to the left of the intersection due to the presence of piles of snow which obstructed his view.

Defendant testified that he was traveling west on Route 44 toward its intersection with West Road. He indicated that it was cloudy and there was snow on the road. As he approached

the intersection, he stated that the light was green. He first saw plaintiff's vehicle when the front of it was on Route 44 at which time he applied his brakes but could not avoid the collision. According to defendant, the light did not change as he entered the intersection. Since we agree with Supreme Court that plaintiff did not sustain his burden of proof, we find no reason to disturb the judgment.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.