[724 NYS2d 235]

In the Matter of CHILD SUPPORT ENFORCEMENT UNIT, on Behalf of JUDITH S., Appellant, v JOHN M., Respondent.

Fourth Department, May 2, 2001

## APPEARANCES OF COUNSEL

*Deborah Kimberly Owlett,* Rochester, for appellant.

*Christine F. Redfield, Public Defender's Office,* Rochester, for respondent.

## OPINION OF THE COURT

HAYES, J.

Petitioner, on behalf of Judith S. (mother), filed a violation petition pursuant to articles 4 and 5-B of the Family Court Act based upon respondent's alleged failure to pay child support. A child support order issued by the Circuit Court of Leon County, Florida, was registered for enforcement in Monroe County, where respondent resides, pursuant to the provisions of the Uniform Interstate Family Support Act ([UIFSA] Family Ct Act art 5-B) on February 6, 1998. In the violation petition, petitioner requested arrears and attorney's fees, and sought an order finding respondent in contempt for his willful violation of the support order and sentencing him to a term of incarceration not to exceed six months. The proceeding came before a Hearing Examiner, who sustained the petition upon respondent's stipulation to a willful violation. The Hearing Examiner transferred the proceeding to Family Court "for confirmation pursuant to Family Court Act [s]ections 439, 454, [and] 455." Respondent moved to dismiss the "application" in its entirety, and the court granted the motion in part, dismissing the violation petition to the extent that it requested incarceration on the ground that the remedy of incarceration was not available under the UIFSA. The order should be modified by denying respondent's motion in its entirety and reinstating that part of the petition requesting incarceration.

The UIFSA, a Federally mandated act, became effective in New York State on December 31, 1997 (*see,* Family Ct Act § 580-904). The Federal Public Health and Welfare Law required all states to enact the precise version of the UIFSA that was adopted by the National Conference of Commissioners on Uniform State Laws (*see,* 42 USC § 666 [f]; 1997 Report of Family Ct Advisory and Rules Comm, 1997 McKinney's Ses-

sion Laws of NY, at 2813). One of the purposes of the UIFSA was to "strengthen[ ] New York's child support enforcement program * * * by providing for * * * collection and enforcement of child support payments" (Governor's Mem approving L 1997, ch 398, 1997 McKinney's Session Laws of NY, at 1940).

Pursuant to Family Court Act § 580-601, petitioner registered the child support order issued by the Florida court in this State for enforcement, and then five months later filed the instant violation petition based upon respondent's noncompliance with that support order. Petitioner requested incarceration as one of several remedies sought. We disagree with the court's conclusion that incarceration for a willful violation of a support order is not available under the UIFSA. Under the UIFSA, "[a] registered order issued in another state is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this state" (Family Ct Act § 580-603 [b]). Further, the UIFSA provides that a court of this State may "enforce orders by civil or criminal contempt, or both" (Family Ct Act § 580-305 [b] [5]). Family Court Act article 4 incorporates the contempt procedures set forth in Judiciary Law § 756 and permits incarceration for a willful violation of a support order (see, Family Ct Act § 453 [b]; § 454 [3]; Sobie, Supp Practice Commentaries, McKinney's Cons Law of NY, Book 29A, Family Ct Act § 580-603, 2001 Pocket Part, at 18). Section 454 (3) (a) of the Family Court Act provides that, "[u]pon a finding by the court that a respondent has willfully failed to obey any lawful order of support, the court * * * may * * * commit the respondent to jail for a term not to exceed six months." Pursuant to the language of the applicable provisions of the UIFSA and in view of the purpose of the act, we conclude that incarceration is a remedy available to the courts for the willful violation of a registered support order issued in another state (see generally, Matter of Barros v Vila, 271 AD2d 711, 712-713, lv denied 95 NY2d 757; State ex rel. Freeman v Sadlier, 586 NW2d 171, 174 [SD]).

The court in this case was concerned with the apparent conflict between the relatively informal UIFSA procedures and the heightened due process requirements associated with the remedy of incarceration for the violation of a civil order. The court was particularly troubled by Family Court Act § 580-316 (a), which provides that the physical presence of the petitioner, or in this case, the mother, is not required for, inter alia, the enforcement of a support order, and by Family Court Act § 580-316 (f), which permits a party or witness residing in an-

other state to testify by telephone. We note, however, that the mother's testimony may not be needed in this proceeding. In a hearing pursuant to section 454, respondent is presumed to have sufficient means to support his children (*see,* Family Ct Act § 437; *Matter of Powers v Powers,* 86 NY2d 63, 68-69). In addition, failure to pay the court-ordered child support constitutes "prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]; *see, Matter of Powers v Powers, supra,* at 69; *Matter of Delaware County Dept. of Social Servs. v Brooker,* 272 AD2d 835, 836; *Matter of Mass DOR/CSE v Haystrand,* 256 AD2d 1235). Given the stipulation before the Hearing Examiner that there had been a willful violation of the support order, the court was authorized to commit respondent to jail pursuant to Family Court Act § 454 (3) (a), but the court was also authorized by Family Court Act § 455 (5) to suspend the commitment if it was satisfied by competent proof that respondent is unable to comply with the support order.

Finally, we disagree with the court that the violation petition here was insufficient on its face with respect to the request for an order finding respondent in contempt for his willful violation of the support order. The summons and violation petition included the requisite statutory warnings regarding willful violation proceedings (*see,* Family Ct Act § 453 [b]) and a statement that petitioner was seeking an order finding respondent in contempt of court and sentencing him to a term of incarceration not to exceed six months.

Accordingly, the order should be modified by denying respondent's motion in its entirety and reinstating that part of the petition requesting incarceration.

GREEN, J. P., PINE, SCUDDER and BURNS, JJ., concur.

Order unanimously modified on the law and as modified affirmed, without costs, in accordance with the opinion by HAYES, J.