In the Matter of JULIE SANTANA, Now Known as JULIE ORTIZ, Respondent, v JAIME GONZALEZ, Appellant. [935 NYS2d 156]—

Peters, J.

We reject the father's contention that he did not have adequate notice that the issue before Family Court was whether he again willfully violated the prior orders, as opposed to whether his suspended judgment should be revoked. The petition clearly and specifically alleged that the father willfully violated the prior orders by failing to make the required support and arrear payments and sought relief provided for in Family Ct Act § 454. It did not seek a revocation of the father's suspended sentence pursuant to Family Ct Act § 455. Furthermore, the summons sent to the father by Family Court contained the requisite statutory warnings regarding willful violation proceedings (*see* Family Ct Act § 453 [b]), including the warning that he could face up to six months in jail for contempt if found to have violated the prior orders. While the father correctly asserts that, at the initial appearance, the Support Magistrate attempted to clarify the mother's application as one seeking to lift the suspended sentence, Family Court—on more than one occasion prior to the fact-finding hearing—confirmed that the petition was for a willful violation of the prior orders. Moreover, following the mother's prima facie showing of a willful violation, the court articulated that the burden was on the father to demonstrate an inability to make the required support payments—a showing that would be inapplicable if the issue were revocation of the suspended sentence (*compare* Family Ct Act § 455 [1] *with* Fam-

ily Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995])—and at no time did the father raise any issue concerning the manner in which the court framed the issues. In fact, the father thereafter offered evidence that specifically addressed this burden (*compare Matter of Stagnar v Stagnar*, 98 AD2d 983, 984 [1983]). Under these circumstances, we find that he had adequate notice of the charges sufficient to allow him to prepare and present a defense (*see Matter of Child Support Enforcement Unit v John M.*, 283 AD2d 40, 43 [2001]; *compare Matter of Brunelle v Bibeau*, 18 AD3d 927, 928 [2005]; *Matter of Prinzo v Jenkins*, 251 AD2d 709, 709 [1998]; *Matter of Commissioner of Social Servs. of Chemung County v Pronti*, 227 AD2d 705, 706 [1996]; *Matter of Lada v Lada*, 220 AD2d 665, 666 [1995]; *Matter of Proper v Proper*, 144 AD2d 712, 713 [1988]; *Matter of Stagnar v Stagnar*, 98 AD2d at 984).

The father also argues that he was deprived of a substantial right because Family Court did not afford his attorney an opportunity to make a closing statement at the hearing. Inasmuch as the father's counsel neither requested the opportunity to make a closing argument nor objected to Family Court's apparent oversight in failing to ask counsel if he wished to make one, he failed to preserve the issue for our review (*see Mauro v Degroodt*, 271 AD2d 892, 893 [2000]; *Matter of Miriam MM.*, 165 AD2d 934, 934 [1990]).

Turning to the father's challenge to Family Court's finding of willful violation, the unrefuted evidence that he had failed to comply with his support obligations and owed in excess of $7,400 in arrears constituted prima facie evidence of a willful violation of the prior orders (*see* Family Ct Act § 454 [3] [a]), shifting the burden to the father to offer "some competent, credible evidence of his inability to make the required payments" (*Matter of Powers v Powers*, 86 NY2d at 70; *see Matter of Wilson v LaMountain*, 83 AD3d 1154, 1155-1156 [2011]; *Matter of St. Lawrence County Support Collection Unit v Cook*, 57 AD3d 1258, 1259 [2008], *lvs denied* 12 NY3d 707 [2009]). Yet, the father presented no evidence that he had made any efforts to find and maintain gainful employment during the period of the challenged violation, and his testimony that he secured temporary employment shortly before the hearing—which was held more than a year after the violation petition was filed—was insufficient to meet his burden of demonstrating an inability to make the required payments during the period in question. Thus, the record supports the finding of a willful violation (*see Matter of Scott v Scott*, 50 AD3d 1193, 1194 [2008]; *Matter of Broome County Support Collection Unit v Corey*, 44 AD3d 1128, 1129 [2007]; *Matter of Fallon v Fallon*, 286 AD2d 389 [2001]).

Finally, inasmuch as the father has served the jail sentence imposed, his claim that the sentence is unduly harsh and excessive is moot (*see Matter of Dyandria D.*, 22 AD3d 354, 355 [2005], *lvs denied* 6 NY3d 704 [2006]; *Matter of Sales v Brozzo*, 3 AD3d 807, 807 [2004], *lv denied* 2 NY3d 706 [2004]; *Matter of Wright v Wright*, 205 AD2d 889, 892 [1994]). The father's remaining contentions, to the extent not specifically addressed herein, have been reviewed and found to be without merit.

Mercure, A.P.J., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.