# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1431**
**CAF 12-00771**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF ANDREA J. BALL,
PETITIONER-RESPONDENT,

V                                                            MEMORANDUM AND ORDER

SCOTT D. MARSHALL, RESPONDENT-APPELLANT.
(APPEAL NO. 2.)

---

DAVIS LAW OFFICE, OSWEGO (STEPHANIE N. DAVIS OF COUNSEL), FOR
RESPONDENT-APPELLANT.

---

Appeal from an amended order of the Family Court, Oswego County (Donald E. Todd, J.), entered April 4, 2012 in a proceeding pursuant to Family Court Act article 4. The amended order, inter alia, confirmed the determination of the Support Magistrate that respondent had willfully violated an order of child support.

It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by vacating Special Conditions 17, 18 and 19 and as modified the amended order is affirmed without costs.

Memorandum: Respondent father appeals from an amended order of Family Court confirming the determination of the Support Magistrate that he willfully violated an order of child support. The Support Magistrate's amended order determining that there was a willful violation was issued after the father failed to appear for the hearing on the violation petition. The father's contention that he was denied his right to a hearing on the violation petition is not properly before us on this appeal from the amended order of Family Court. Rather, the proper procedure for challenging the Support Magistrate's amended order entered upon the father's default is by way of a motion to vacate that amended order pursuant to CPLR 5015 (a) (*see Matter of Chautauqua County Dept. of Social Servs. v Rita M.S.*, 94 AD3d 1509, 1510), and the father failed to make such a motion (*see Matter of Garland v Garland*, 28 AD3d 481, 481-482; *Matter of Wideman v Murley*, 155 AD2d 841, 842). We note in any event that, on the merits, the father is statutorily presumed to have sufficient means to support his child (*see* Family Ct Act § 437; *Matter of Christine L.M. v Wlodek K.*, 45 AD3d 1452, 1452), and evidence of the failure to pay support as ordered constitutes "prima facie evidence of a willful violation" (§ 454 [3] [a]; *see Matter of Powers v Powers*, 86 NY2d 63, 69; *Matter of Jelks v Wright*, 96 AD3d 1488, 1489). Once the mother made a prima facie showing of a willful violation, the burden shifted to the father to rebut that showing (*see Powers*, 86 NY2d at 69-70). Having failed

to appear at the hearing before the Support Magistrate, the father may not now argue that he was denied his right to rebut the mother's prima facie showing of a willful violation.

We reject the father's further contention that he was denied due process of law because the Support Magistrate failed to advise him of his rights in the violation proceeding prior to the hearing conducted in the father's absence. The father does not dispute that he was served with a summons and violation petition, nor does he contend that the petition was deficient in notice. In any event, the summons and petition are in conformance with the requisite provisions of Family Court Act § 453 (*cf. Matter of Stagnar v Stagnar*, 98 AD2d 983, 984; *see generally Matter of Santana v Gonzalez*, 90 AD3d 1198, 1199; *Matter of Child Support Enforcement Unit v John M.*, 283 AD2d 40, 43), and the record reflects that the father otherwise was afforded his due process rights in the proceeding.

Finally, we agree with the father that Special Conditions 17, 18 and 19, the only specific conditions challenged by the father in his brief, are not reasonably related to the underlying issue of child support arrears (*see generally People v Braun*, 177 AD2d 981, 981). We therefore modify the amended order in appeal No. 2 by vacating those conditions.

Entered: February 8, 2013                          Frances E. Cafarell
                                                   Clerk of the Court