# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**579**
**CAF 12-01027**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, AND LINDLEY, JJ.

---

IN THE MATTER OF JANIE JASCO,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

DAVID ALVIRA, RESPONDENT-APPELLANT.

---

COLUCCI & GALLAHER, P.C., BUFFALO (JOHN KEENAN OF COUNSEL), FOR
RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Erie County (Rosalie
Bailey, J.), entered April 23, 2012. The order, among other things,
confirmed the finding of the Support Magistrate that respondent
willfully violated a prior order of support.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order confirming
the finding of the Support Magistrate that he was in contempt of court
based on his willful violation of a prior order of support, and
incarcerating him. Initially, we agree with the father that, although
he has completed serving the sentence of incarceration, the appeal is
not moot because of the "enduring consequences [that] potentially flow
from an order adjudicating a party in civil contempt" (*Matter of
Bickwid v Deutsch*, 87 NY2d 862, 863; *see Matter of Storelli v
Storelli*, 101 AD3d 1787, 1788).

The father's further contention that Family Court lacked subject
matter jurisdiction is in actuality a contention that the petition was
not legally sufficient because it failed to allege that he willfully
failed to comply with a prior order requiring him to pay child
support. The father failed to preserve that contention for our review
(*see generally Matter of Irene C. [Reina M.]*, 68 AD3d 416, 416; *Matter
of Toshea C.J.*, 62 AD3d 587, 587; *Matter of Kimberly Vanessa J.*, 37
AD3d 185, 185), and in any event it is without merit (*see generally
Matter of Child Support Enforcement Unit v John M.*, 283 AD2d 40, 43).
The petition included, in capital letters and large bold type on the
front page, the "warning" that a hearing was being requested, the
purpose of which was to punish the father for contempt of court. The
"warning" further advised the father that the sanction of imprisonment
could be imposed. Furthermore, the father admitted that he was in
willful violation of the prior order, and the Support Magistrate, "on
more than one occasion prior to the [admission by the father that he

violated the prior order,] confirmed that the petition was for a willful violation of the prior order[]" (*Matter of Santana v Gonzalez*, 90 AD3d 1198, 1199).

We reject the further contention of the father that he was not afforded effective assistance of counsel (*see Matter of Rothfuss v Thomas*, 6 AD3d 1145, 1146, *lv denied* 3 NY3d 603; *Matter of Amanda L.*, 302 AD2d 1004, 1004). We have considered the father's remaining contention and conclude that it is without merit.

Entered: June 7, 2013                    Frances E. Cafarell
                                         Clerk of the Court