■ PAUL JANCU, Respondent, v RITA JANCU, Appellant.— Order, Supreme Court, New York County (Walter M. Shackman, J.), entered February 4, 1991, which, *inter alia,* granted defendant's motion for *pendente lite* relief and directed an immediate *pendente lite* sale of two properties in Ventnor, New Jersey, owned by the parties as tenants by the entirety, unanimously modified, on the law, by deleting the provision ordering the sale of the two New Jersey properties, and otherwise affirmed, without costs.

Defendant contends that the court's *pendente lite* award of maintenance is inadequate and should be modified to direct the plaintiff to pay all income taxes imposed by virtue of the award. She furthermore seeks an increase in the *pendente lite* award of counsel fees to $75,000. Finding no abuse of discretion in the court's issuance of the foregoing relief, we decline to grant defendant's requests. Any inequity should be remedied by a speedy trial, where the true facts concerning the finances and standard of living of the parties can more accurately be ascertained *(Sayer v Sayer,* 130 AD2d 407).

However, the provision in the court's order directing the *pendente lite* sale of the parties' two homes in New Jersey must be deleted since it contravenes the rule that courts do not have authority to direct the *pendente lite* sale of property owned by parties as tenants by the entirety absent a judgment ·of divorce, separation, or annulment *(Kahn v Kahn,* 43 NY2d 203; *Stewart v Stewart,* 118 AD2d 455). In any case, the court should not have deemed plaintiff's opposition papers a cross-motion, since defendant had every right to rely upon plaintiff's representation that a formal cross-motion would be made and the inference that the subsequent failure to make the cross-motion was an intentional abandonment. Concur—Sullivan, J. P., Carro, Rosenberger, Asch and Kassal, JJ.