■ ARLENE FARKAS, Respondent, v BRUCE R. FARKAS, Appellant, et al., Defendants. [596 NYS2d 42] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about November 17, 1992, directing entry of a judgment in favor of plaintiff for arrears pursuant to Domestic Relations Law § 244, awarding plaintiff counsel fees, directing a hearing on the issue of contempt, and denying defendant's cross-motion insofar as it sought a downward modification of support and an immediate sale of the marital residence, and granting it insofar as it sought an appraisal of the marital residence and plaintiff's appearance for deposition, and judgment, same court and Justice, entered on or about November 17, 1992,

pursuant to the above order, in favor of plaintiff and against defendant in the amount of $83,462.79, unanimously affirmed, without costs.

Questions as to the reference of the contempt issue are moot, there being no dispute that defendant has purged himself of the contempt. It was not error to deny defendant's motion for downward modification of support without a hearing. Although a full hearing should be conducted when a party seeks modification of a prior support order based upon a change in circumstances to determine whether the alleged change warrants modification *(Matter of Sharlot v Sharlot,* 110 AD2d 299, 300), here defendant's papers simply did not present any evidence of any changes. Defendant's claims that he was no longer employed and could not pay the arrears unless the marital premises were sold raised matters that were present at the time of the initial application for support. Moreover, as noted by the court, the proper remedy for any claimed inequities in temporary support is a prompt trial *(Cooper v Cooper,* 121 AD2d 181, 183), here scheduled for April 1993.

Assuming, as defendant argues, that this action to annul defendant's marriage to another woman is not a matrimonial action within the meaning of Domestic Relations Law § 237, and that plaintiff's application for counsel fees pursuant to that provision was therefore defective, authority for such an award does exist under Family Court Act § 438 (a), and, in view of plaintiff's reliance on defendant for support throughout the marriage and defendant's admitted failure to pay any support, it was not an abuse of discretion to award $1,500 for counsel fees.

Finally, denial of defendant's application to sell the marital premises was proper in view of evidence indicating that the residence is owned solely by plaintiff, and also because "courts do not have authority to direct the *pendente lite* sale of property owned by parties as tenants by the entirety absent a judgment of divorce, separation, or annulment" *(Jancu v Jancu,* 174 AD2d 428). Concur—Sullivan, J. P., Milonas, Kassal and Rubin, JJ.