■ In the Matter of TAMMY L. DART, Respondent, v DAVID HOWELL, Appellant. [655 NYS2d 197] —Mikoll, J. P. Appeal from an order of the Family Court of Ulster County (Leaman, J.), entered February 27, 1996, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to find respondent in willful violation of a prior support order.

After a hearing, respondent was sentenced to 20 days in the Ulster County Jail for willfully violating a prior support order. Respondent's counsel seeks to be relieved of representing respondent on appeal on the basis that there are no nonfrivolous issues to be raised. Neither respondent nor petitioner has filed any papers in opposition to this request.

Upon review of the record and brief submitted by respondent's counsel, we agree that no nonfrivolous issues could be raised on appeal (*see, e.g., Matter of Green v Clark*, 224 AD2d 419; *Matter of Nolen v Nolen*, 221 AD2d 540). The failure to pay support, as ordered, constitutes prima facie evidence of a willful violation justifying commitment (*see,* Family Ct Act § 454 [3] [a]; *see also, Matter of Powers v Powers*, 86 NY2d 63, 69). In the instant case, petitioner presented documentary evidence and the testimony of a support collections unit employee to prove that respondent had failed to pay ordered support. Respondent's admissions, however, that he was currently employed, that he had been employed, albeit sporadically, in the past and that he had used funds to pay debts other than

his support obligation did not meet his burden of proving his inability to make the required payments (*see, Matter of Powers v Powers, supra*, at 70). Consequently, since Family Court was well within its discretion both in finding respondent to be in willful violation of a prior support order and in sentencing him to a term of 20 days in jail, the order is affirmed and the application by respondent's counsel for leave to withdraw is granted.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs, and application to be relieved of assignment granted.