■ In the Matter of WILLIAM E. BOMBARD, Appellant, v PAMELA SMITH, Respondent. [724 NYS2d 373] —Peters, J. Appeals (1) from an order of the Family Court of Warren County (Breen, J.), entered November 29, 1999, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to hold respondent in violation of a prior amended order of custody, and (2) from an order of said court, entered December 2, 1999, which directed that neither party contact the mentor of the child.

Petitioner filed a violation petition alleging that respondent violated an amended order of custody by failing to enroll their daughter in a mentoring program of respondent's choice as soon as practicable. At an evidentiary hearing, it was established that the child had been accepted into a school mentoring program. Family Court, finding that petitioner failed to establish a basis for any violation, dismissed the petition. On respondent's motion, the court also ordered that neither party contact the mentor assigned to the child. Petitioner appeals.

Petitioner's assigned counsel seeks to be relieved of her assignment on the ground that no nonfrivolous appealable issues exist (see, People v Stokes, 95 NY2d 633; People v Cruwys, 113 AD2d 979, lv denied 67 NY2d 650). Upon review of the record, we agree. The hearing establishes that respondent had taken reasonable steps to enroll the child in a mentoring program and that the child was, in fact, already enrolled in such program. Accordingly, counsel for petitioner is relieved of her assignment (see, Matter of Dickens v Dickens, 263 AD2d 683).

To the extent that petitioner appeals from an order directing no contact with the child's mentor, a letter sent by petitioner to his appellate counsel, which is attached to petitioner's brief, indicates that the child has completed the mentoring program. Accordingly, the matter is rendered moot and that appeal is dismissed (see, Matter of Wright v Wright, 205 AD2d 889).

Mercure, J. P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the order entered November 29, 1999 is affirmed, without costs, and application to be relieved of assignment granted. Ordered that the appeal from order entered December 2, 1999 is dismissed, as moot, without costs.