■ In the Matter of SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of DARLENE KK., Respondent, v HOWARD LL., Appellant. [727 NYS2d 350] —Lahtinen, J. Appeals from two orders of the Family Court of Schoharie County (Bartlett, III, J.), entered August 30, 1999, which (1) granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in willful violation of a prior order of support, and (2) sentenced defendant to 90 days in jail.

Following a hearing respondent was found to have willfully violated a prior support order and was sentenced to 90 days in jail. Respondent's counsel seeks to be relieved of representing respondent on the basis that there are no nonfrivolous issues to be raised on appeal. Upon our review of the record, the brief submitted by respondent's counsel and respondent's *pro se* submissions, we agree. "The failure to pay support, as ordered, constitutes prima facie evidence of a willful violation justifying commitment [citations omitted]" (*Matter of Dart v Howell*, 237 AD2d 825; *see*, Family Ct Act § 454 [3] [a]). Our review of the hearing transcript indicates that a representative of the support collection unit testified that respondent failed to pay the ordered support. Moreover, respondent admitted that he had the ability to pay his children's medical expenses but refused to do so as a matter of principle. Accordingly, Family Court did not abuse its discretion in finding that respondent willfully violated the prior support order (*see*, *Matter of Dart v Howell*, *supra*, at 825-826). The application by respondent's counsel for leave to withdraw is therefore granted (*see*, *Matter of Bombard v Smith*, 283 AD2d 792).

To the extent that respondent appeals from the commitment order sentencing him to 90 days in jail, we note that inasmuch as he has purged himself of the contempt, his appeal from that order is moot (*see*, *Matter of Donahue v Buisch*, 258 AD2d 826; *Farkas v Farkas*, 192 AD2d 384).

Mercure, J. P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order granting petitioner's application is affirmed, without costs, and application to be relieved of assignment granted. Ordered that the appeal from the order of commitment is dismissed, as moot, without costs.