■ In the Matter of WILLIE RAY, JR., Appellant, v NADIA HARRIS, Respondent. [727 NYS2d 919] —Spain, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered March 16, 2000, which dismissed petitioner's application, in a

proceeding pursuant to Family Court Act article 6, to, *inter alia*, modify a prior order of visitation.

In a petition seeking, *inter alia*, modification of an order of visitation, petitioner asserts that he and respondent are the parents of two children, a son born in 1990 and a daughter born in 1992. As best as we are able to discern from the scant record on appeal, it appears that after paternity was established for the son in May 1991, petitioner was directed to pay child support for him pursuant to an order of Family Court. Petitioner was incarcerated in 1996 or 1997 and assertedly will not be eligible for release until 2003. On March 10, 2000, petitioner filed the subject application—using a form provided by Family Court for modification of an order—naming both children as the subjects of the petition, stating that he is their father, that a child support order and an order of filiation were entered in May 1991, and seeking what appears to be visitation with both children. He cites as changes in circumstances since the original order of support was entered his incarceration and the 1992 birth of the parties' daughter. By order entered March 16, 2000, Family Court dismissed the application on the ground that petitioner did "not set forth any change of circumstances" to warrant a modification and because "there is no existing order to modify" relating to custody or visitation. There was no appearance by respondent in Family Court on the petition nor has she filed an appearance on this appeal.

On this appeal, petitioner's assigned counsel—who perceives the petition as one solely seeking modification of the previous order of child support—seeks to be relieved of his assignment on the ground that no nonfrivolous appealable issues can be raised in the context of this case (*see, Matter of Dart v Howell*, 237 AD2d 825; *Matter of Green v Clark*, 224 AD2d 419). The record before us includes three separate documents, labeled notices of appeal, which assert, for the first time, that petitioner is unable to pay child support because he is incarcerated. Our review of the record and the brief filed by petitioner's assigned counsel discloses the existence of potential nonfrivolous issues which are of arguable merit, including whether Family Court should have treated petitioner's application as a petition seeking an order directing that petitioner is to have visitation with both children and for an order of filiation relating to the daughter. Notably, the May 1991 order of paternity—which may or may not address issues of custody, visitation and child support—is not in the record and clearly could not have applied to the daughter who was born in 1992. Additionally, while the petition, at paragraph No. 7, refers to an "attached deposition" to

explain why or how the alleged prior order should be modified, there is no such deposition attached to the petition in the record, although there is a signed, undated "affidavit in support of petition for modification of support" submitted as one of the three notices of appeal.

Accordingly, the application of petitioner's current counsel to be relieved of his assignment is granted and new counsel will be assigned to make a complete record, discern if there is an existing order to modify and then to address any issues which the complete record may disclose (*see, Matter of Andrew MM.*, 267 AD2d 515; *People v Cruwys*, 113 AD2d 979, *lv denied* 67 NY2d 650; *see also, People v Stokes*, 95 NY2d 633).

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.