■ ANDREW HASCOE, Respondent, v JULIE HASCOE, Appellant. [748 NYS2d 138] —Order, Supreme Court, New York County (Judith Gische, J.), entered May 30, 2002, which, inter alia, denied so much of defendant's motion as sought to impose conditions upon her performance of the parties' agreement to sell the marital residence, unanimously affirmed, without costs.

Inasmuch as the parties to this pending matrimonial action unequivocally and unconditionally agreed to the sale of the marital residence, and, indeed, in pursuance of such agreement jointly selected a broker, entered into a brokerage agreement, selected real estate counsel to represent them jointly as sellers, agreed upon what defendant acknowledges is an "excellent" sale price and other terms of the contract of sale and, in fact, signed the contract of sale, the motion court properly rejected defendant's unilateral attempt to condition her continued performance of the agreement upon plaintiff's providing her, pendente lite, with assets sufficient to enable her to immediately purchase a substitute residence at a price of $1.5 million. Meeting the reasonable housing needs of defendant and the parties' three children during the pendency of this action is not a predicate for abrogating the subject agreement or, under the circumstances here obtaining, for requiring the distribution of the parties' assets in advance of trial (see Jancu v Jancu, 174 AD2d 428). Nor, particularly in light of the provisions in the appealed order designed to facilitate defendant's move, at plaintiff's expense, to a suitable rental apartment upon the sale of the marital residence, does it necessitate the modifications proposed by defendant to the pendente lite obligations previously imposed upon plaintiff. Concur—Tom, J.P., Andrias, Buckley and Lerner, JJ.